THE PEOPLE *vs.* J. & S. BROWN.

The selling of *spirituous liquors* without license, is punishable as a misde-
meanor under the statute upon that subject, although it contains no other
prohibition than the imposition of a penalty, and a provision that all offences
against the provisions of the act shall be deemed misdemeanors.

ERROR from the Monroe general sessions. The defendants
were indicted for selling spirituous liquors without license.
They *demurred* to the indictment, and the court of general
sessions held that the matter charged did not constitute an in-
dictable offence, and accordingly gave judgment for the de-
fendants. The district attorney removed the record into this
court by writ of error.

It was now insisted on behalf of the defendants, and in
support of the judgment of the general sessions, that the
statute under which the indictment was found contains no
express *prohibition* against the sale of spirituous liquors ; it
declares that " all offences against the provisions of this title
shall be deemed misdemeanors, punishable by fine and im-
prisonment," 1 R. S. 682, § 25 ; and if it should be admit-
ted that from such declaration a prohibition might be im-
plied, it would not help the prosecution, as it is a well set-
tled rule of law that penal statutes are to be construed
strictly ; that nothing can be taken by implication against
individual rights, and especially that the offence cannot be
created by construction or *implication.* 1 Black. Comm.
88, and notes 25 & 26 by Chitty. 5 Cowen, 210. 2 id.
419. It was admitted that where an act is not an offence
at common law, but is made so by statute, that an indict-
ment will lie, where there is a *substantive prohibitory
clause,* but that it is otherwise where the statute is not prohi-
bitory, and only inflicts a forfeiture for the doing of a spe-
cified act, and provides for the remedy. *Rex* v. *Wright,* 1
Burr. 546, 7. 2 Hale's P. C. 171. The statute here im-
poses a penalty of twenty-five dollars, and provides a re-
medy for its recovery, 1 R. S. 680, § 15, 16. The counsel

admitted that, in *The People* v. *Stevens*, 13 Wendell, 341, it was decided that an indictment did lay in a case like the present, but it was urged that it did not appear from that case that the *point* now presented for consideration was discussed by counsel, or considered by the court.

*J. A. Spencer*, for the people.

*S. Stevens*, for the defendants in error.

After advisement, THIS COURT, by COWEN, J., said that they had considered the *point* raised by the counsel for the defendants, and were clear in the opinion that there was nothing in it, and accordingly *reversed* the judgment of the general sessions.

Judgment reversed.