HILL, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error

A person accused of being intoxicated in a public place, under chapter 628 of 1857, cannot be summarily tried before a justice of the peace unless he so elects, but is entitled to give bail for his appearance before the next Court of Oyer and Terminer or General Sessions.

The statute having made intoxication in a public place a criminal offence, the accused cannot be deprived of the right of trial by jury.

WRIT of Error to the Supreme Court. The plaintiff in error

was arrested by a constable of the town of Cherry Valley, for being intoxicated in a public place, and taken before a justice of the peace of that town.   He did not elect to be tried for the offence before the justice, but tendered the proper bond, under section 16, chapter 628, of 1857, with sureties as required by that section.   The justice decided that he could not give bail to appear at the Oyer and Terminer, and thereupon a trial was immediately had before the justice, holding a court of Special Sessions.   The accused was convicted; sentenced to pay a fine and to imprisonment in default of payment.   Having been committed to the custody of a constable, the prisoner sued out a writ of *habeas corpus* before Mr. Justice CAMPBELL, who, after examining into the facts, decided that he was entitled to give bail. The district attorney removed the proceedings into the Supreme Court, by *certiorari*, and that court, at general term in the sixth district, reversed the order made by Judge CAMPBELL.   The plaintiff removed the record into this court by writ of error.

The cause was submitted upon printed points.

*Nathaniel C. Moak*, for the plaintiff in error.

*Louis L. Bundy*, District Attorney, for defendants in error.

S. B. STRONG, J.   The principal and only important question in this case, is whether the plaintiff in error, having offered to give such bond as is required by the statute to suppress intemperance, could be coerced into a summary trial for the offence imputed to him, before the magistrate.

The 16th section of that statute provides that it shall be the duty of certain officers, of whom a constable is one, to arrest all persons found actually engaged in the commission of any offence in violation of such act, and forthwith carry the offender before any magistrate of the same city or town, to be dealt with according to the provisions of the act; and that it shall be the duty of such magistrate, on sufficient proof that the alleged offence has been committed, unless the person charged

shall elect to be tried before such magistrate, to require a bond, conditioned that such offender will appear and answer the charge at the next term of the Court of Oyer and Terminer or Sessions, to be held in the same county, and will abide the order or judgment of such court thereon, or to commit such offender to the county jail until such judgment of said court or until he be discharged according to law. The magistrate is required to entertain any complaint of a violation of the act, made by any person under oath, and forthwith to issue a warrant and cause such offender to be brought before him to comply with the provisions of the same section, and to cause such bond, together with all papers and affidavits, with a list of the persons, and residence of the complainant, and witnesses exam·ined before him, to be delivered to the district attorney of the county, whose duty it shall be, forthwith, to prosecute the same.

The 17th section of the statute is in the following words: "It shall be the duty of any such officer, whenever he shall find any person intoxicated in any public place, to apprehend such person and take him before some magistrate of the same city or town; and if such magistrate shall, after due examination, deem him too much intoxicated to be examined, or to answer on oath correctly, he shall direct said officer to keep him in some jail, lock-up, or other safe and convenient place, until he shall become sober, and thereupon forthwith to bring him before said magistrate; and whenever any person shall be brought before any magistrate, as provided in this section, it shall be the duty of such magistrate to administer to such person an oath or affirmation, and examine him as to the cause of such intoxication, and to ascertain the person or persons who sold or gave the liquor to such person; such intoxication being hereby declared to be an offence against the provisions of this act, punishable upon conviction by a fine of $10, and costs, at the same rate as in Courts of Special Sessions, and imprison·ment in the county jail, work-house, or penitentiary, until paid, not however to exceed ten days. It shall be the duty of such officer to arrest, or cause to be arrested, all such persons

when so intoxicated, and of the magistrate to entertain such complaint and make such examination, under the penalty of $50, with full costs of suit, for any neglect to comply with the provisions of this section."

By the 29th section it is made the duty of the courts to instruct grand jurors to inquire into all offences against the provisions of the act, and to present all offenders under it. It is provided in the 22d section, that the penalties imposed by the act, except those provided for by sections 8, 15 and 19, shall be sued for and recovered in the name of the board of commissioners of excise. The excepted sections direct that the penalties therein specified shall be sued for and recovered by other officers or individuals. There can be no doubt but that the offences meant to be included in the provisions of the 16th and 29th sections of the act are simply those which are punishable as misdemeanors; otherwise they would be partially nugatory, as the Oyer, and Terminer and Sessions have jurisdiction only of criminal cases.

The following acts are expressly declared by the statute to be misdemeanors: Commissioners of excise granting licenses contrary to the provisions of the act (§ 6); licensed persons selling or giving away spirituous liquors or wines to Indians, or to apprentices, or to any minors under the age of eighteen years, without the consent of master, parent or guardian (§ 15); any person selling or giving to any pauper, or inmate of any alms-house, strong or spirituous liquors or wines (§ 20); licensed persons, selling or giving away any intoxicating liquors or wines on Sunday, or any election day within a quarter of a mile of the place of holding the election (§ 21); any person adulterating imported or other intoxicating liquors, or knowingly importing or selling adulterated liquors or wines (§ 29). No other offences against the provisions of the statute are therein expressly mentioned as misdemeanors.

It was decided by this court, however, in the case of *Behan* v. *The People* (17 *N. Y.*, 516), that vending strong or spirituous liquors or wines, in quantities less than five gallons at a time, without a license, was a misdemeanor, although it was described

in the statute (§ 13) simply as an offence. The learned judge who expressed the opinion of the court in that case said, that in looking over all the provisions of the act, in their general scope and tenor, he could not resist the conviction that offences against its provisions were designed to be punishable as misdemeanors. He relied much upon the construction which had been given to the old excise law by the late Supreme Court in the case of *The People* v. *Brown* (16 *Wend.*, 561), and *The People* v. *Stevens* (18 *Wend.*, 341), where it was held that selling the prohibited quantity without license was an offence against the provisions of the act, and therefore a misdemeanor and indictable. It was, however, expressly declared in the former statute relating to excise and the regulation of taverns and groceries (1 *R. S.*, 682, § 25), that all offences against its provisions should be deemed misdemeanors, punishable by fine and imprisonment; whereas in the existing statute there is no such declaration. Still this court must have concluded that, as the general scope of the two statutes was the same, and the Legislature must have been influenced by the design to effectuate similar benevolent results, what was expressly declared in the prior statute should be inferred in the latter. Whatever might have been the opinion of any of us, upon this construction of the statute, if the question had been presented as an original one, we are bound to adhere to the decision of this court in the case of *Behan* v. *The People.*

The 16th section of the statute under consideration, when speaking of "any offence in violation of the act," must be deemed to include any act which is thereby prohibited, and which is therein declared to be an offence. Indeed, the latter part of the section goes further, and subjects to its provisions any complaint of a violation of the act. Surely, a person who is intoxicated in a public place violates the statute, and such intoxication is expressly declared to be an offence against its provisions, and punishable by a fine, and if that is not paid, by imprisonment. The 16th section includes all offences under the act, either previously or subsequently defined, unless, indeed, there is an express or strongly implied exception.

There is clearly no express exception of the case of the inebriate in the 17th section, nor is one strongly, or I think at all implied. The direction to arrest the offender, and convey him before the magistrate, is undoubtedly a mere reiteration of what is required in the 16th section; but it appears to have been repeated for the purpose of engrafting upon it the additional duty of examining the inebriate, and detaining him in temporary custody, until he shall become sober. There is no provision whatever for a trial, in the 17th section, and the inference from the omission is, that the same proceedings must be had, for the conviction of the accused, and his punishment, as in other cases under the same statute. Two modes of procedure are indicated; one by a civil action in the name of the commissioners of excise, for the recovery of a penalty (§ 29), and the other by a public prosecution for the offence. (§§ 16–29.) There is no provision for an anomalous proceeding, such as is specified in the provisions of the Revised Statutes, relative to beggars, vagrants and disorderly persons, where the magistrate is authorized to act upon a summary investigation or trial. In those cases, persons are charged with habitual misconduct, and not with a specific offence. Persons who are found intoxicated in public places may well be considered as disorderly at the time; so may persons when perpetrating almost any crime, but when publicly arraigned for the offence, they cannot be summarily tried by the magistrate alone, under the act relative to disorderly persons. Upon a complaint under that act, the magistrate can inflict no pecuniary penalty, nor can he punish the inebriate at all, if he proffers sufficient security for his good behavior for one year. No great harm can result from the practice of subjecting such offenders (if they may be so called) to a summary trial before the magistrate alone. But our laws (organic as well as statute) exempt persons charged with criminal offences from coercive summary trials, without a jury. Our State Constitution provides (*Art.* 1, § 2), that the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever. Under our statute laws, existing at the time of the adoption of our present Constitution,

Hill *v.* The People.

a justice could hold a court of Special Sessions, and could try—without a jury, if one should not be demanded; or with a jury of six men, if one should be requested—persons charged with certain misdemeanors, who should elect to be thus tried, or who should fail to give the requisite security, to appear at a court of Oyer and Terminer, or General Sessions, where they could not be tried without indictment, nor by any except a common law jury of twelve men. Such must be the rule, and such must be the rights of persons charged with crimes or misdemeanors now. Any one who may proffer the requisite security, has the right to have the complaint exhibited against him, for any crime or misdemeanor, examined and passed upon by a grand jury, before he can be coerced into a trial, and if indicted, to be tried by a jury of twelve men. The Legislature no doubt intended to act in compliance with the constitutional requisition, in framing and adopting the 16th section of the act under consideration. There is, therefore, a cautious reservation to the accused of the privilege existing at the time when the Constitution was adopted, and to which it refers, to take his case to a higher tribunal; and when he complies, or offers to comply, with the condition which entitles him to it, the justice of the peace has no longer jurisdiction to adopt any further procedure upon the charge. The Legislature deemed, and justly deemed, many of the practices which it condemned and endeavored to prohibit, as so derogatory to the character of the accused, that he should have a right to the salutary precautions customary in criminal cases, before he should be subjected to the penalties and degradations consequent upon a conviction. Neither will the community, nor the cause of temperance suffer by the delay. Certainty is more desirable than celerity, in the punishment of offenders. Had the framers of the statute designed that persons accused of its infraction should have been coerced into a summary trial, before the justice, they would have adopted and enacted some clear and explicit provisions to that effect; and certainly they would not have adopted provisions, which, if they have any significance, indicate a contrary intent.

The justice of the Supreme Court, before whom the plaintiff in error was brought on the *habeas corpus,* was right in discharging him from imprisonment, and the judgment of the general term overruling him, should be reversed.

JOHNSON, Ch. J., COMSTOCK, DENIO, ALLEN and GRAY, Js., concurred; the latter going upon the construction of the act without reference to the Constitution.

Judgment reversed.