IN THE MATTER OF THE APPLICATION OF THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY TO ACQUIRE TITLE TO LANDS.

A general law will not, in the absence of an intent clearly manifested by its terms, be held to abrogate or change the provisions of a special law passed for particular cases and constituting a class for which the general laws of the State do not profess to provide.

The provision of the general railroad act (§ 18, chap. 140, Laws of 1850), making the decision of the Supreme Court final in the matter of appraisal of lands taken for railroad purposes by proceedings *in invitum* was not abrogated by the provision of the act of 1854 (chap. 270, Laws of 1854), "in relation to special proceedings" authorizing an appeal from "a final order affecting a substantial right made in a special proceeding." This relates solely to the ordinary special judicial proceedings under the general provisions of law regulating the practice of courts of justice.

(Argued March 27, 1877; decided April 3, 1877.)

APPEAL by the Delaware and Hudson Canal Company from order of the Special Term of the Supreme Court in the third judicial department affirming an order of Special Term confirming the report of commissioners appointed to appraise the compensation to be paid John P. Adams for an interest in certain real estate sought to be acquired by proceedings *in invitum* for the purposes of said corporation.

The owner claimed that the order was not appealable under section 18 of the general railroad act (chap. 140, Laws of 1850), making the decision of the Supreme Court upon appeal from appraisals final and conclusive. It was claimed by the corporation that this provision was abrogated by the act in relation to special proceedings (chap. 270, Laws of 1854), which gives an appeal to the General Term from a final order in special proceedings.

*Mr. Tanner*, for the appellant. The order was appealable. (*N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y., 276; *Grace* v. *Freeland*, 1 id., 228; *In re Canal and Walker Sts.*, 12 id., 406; *In re Townsend*, 39 id., 171; *In re B. & R. Mut. Gas*

SICKELS.—VOL. XXIV.     27

*Light Co.*, 62 id., 386.) The title acquired by the railroad company to its main line was absolute, and the respondent had no easement therein. (*Albany N. R. R. Co.* v. *Brownell*, 24 N. Y., 345 ; *Hooker* v. *Tpke. Co.*, 12 Wend., 371 ; *People* v. *White*, 11 Barb., 26 ; *Hazen* v *B. & M. R. R. Co.*, 2 Gray, 574.) The general railroad act of 1850 could not operate to enlarge the respondent's right, or impair the petitioner's title by giving the adjacent land owner a farm crossing. (*Milliman* v. *O. & S. R. R. Co.*, 10 Barb., 87 ; *Clarkson* v. *H. R. R. Co.*, 12 N. Y., 304 ; *Staats* v. *H. R. R. Co.*, 3 Keyes, 196 ; *Marsh* v. *N. Y. & Erie R. R. Co.*, 14 Barb., 370 ; *Tombs* v. *R. & Syr. R. R. Co.*, 18 id., 585 ; *In re Albany St.*, 11 Wend., 150 ; *Bloodgood* v. *M. & H. R. R. Co.*, 18 id., 959 ; *In re John and Cherry Sts.*, 19 id., 659 ; *Varick* v. *Smith*, 5 Paige, 137 ; *Taylor* v. *Porter*, 4 Hill, 140 ; *Wademan* v. *A. & S. R. R. Co.*, 51 N. Y., 568.)

*James Spencer*, for the respondent. The order of General Term was conclusive and an appeal will not lie to this court. (*In re N. Y. C. R. R. Co.*, 11 N. Y., 276 ; *King* v. *Mayor &c.*, 36 id., 182 ; *In re Canal and Walker Sts.*, 12 id., 406 ; Laws 1850, chap. 140, § 18, p. 211 ; Laws 1854, chap. 270, p. 592 ; *In re Dodd*, 27 N. Y., 659 ; *Mayor &c.* v. *Ecker*, 30 id., 305 ; *In re Comrs. Cent. Park*, 50 id., 493.) The respondent was entitled to farm crossings by virtue of the provisions of the general railroad law. Laws of 1840, chap. 49, §§ 44, 49 ; *Staats* v. *H. R. R. Co.*, 3 Keyes, 196 ; 33 How. Pr., 139 ; *Waldron* v. *R. & S. R. R. Co.*, 8 Barb., 390 ; Laws 1834, chap. 249, § 26.) The general statutes of a state apply to a corporation, unless they are expressly repealed by the charter of that corporation. (1 R. S. (1829), p. 600, § 8 ; Laws 1834, chap. 249, § 26 ; 3 Keyes, 196 ; 4 Abb. Ct. App. Dec., 287 ; *Suydam* v. *Moore &c.*, 8 Barb., 358, 390 ; *Marshall* v. *N. Y. & E. R. R. Co.*, 14 id., 365 ; *Roxbury* v. *Boston R. R. Co.*, 6 Cush., 424 ; *Bangor R. R. Co.* v. *Smith*, 47 Me., 34 ; *Mass. Gen. Hospital* v. *State As. Co.*, 4 Gray, 227 ; *Albany N. R. Co.* v. *Brownell*, 24 N. Y., 345. Rail-

road corporations are obliged to furnish the owners of lands on the sides of their tracks with farm crossings, whether the lands occupied by their roads were acquired by agreement or compulsory proceedings. (*Clark* v. *R. & W. F. R. R. Co.*, 18 Barb., 350 ; *Weidman* v. *A. & S. R. R. Co.*, 51 N. Y., 570.) In the absence of any agreement between the owner and the corporation the wishes and convenience of the owner must be consulted in the location of a farm crossing. (*Wheeler* v. *R. & S. R. R. Co.*, 12 Barb., 227 ; 51 N. Y., 568 ; *Clark* v. *R. L. & W. F. R. R. Co.*, 18 Barb., 350.)

ALLEN, J. The corporation appellant, owning and operating a railroad, with all the rights of a railroad corporation, seeks to acquire the title to lands *in invitum*, by proceedings under the general laws of the State. This company is within the provisions of those laws, and, in these proceedings, is seeking to avail itself of them in the exercise of the delegated power of eminent domain. The original act authorizing the formation of railroad corporations (chap. 140 of the Laws of 1850), creates a system complete in itself for the acquisition of lands for the purposes of railroads, and the appraisal of damages to the owners of lands taken, and by § 18, the determination and judgment of the Supreme Court, upon an appeal from the appraisers, is made final and conclusive, as that statute has been interpreted, and no appeal lies to this court.

This was decided in the *Matter of the New York Central Railroad Company* v. *Marvin* (1 Kern., 276), and has been followed in repeated decisions since that time, and was recently reaffirmed in *The People* v. *Betts* (55 N. Y., 600).

The rule has been adjudged too often, and acted upon too long, to permit it now to be questioned. The act, chap. 270, of the Laws of 1854, relied upon by the counsel for the appellant as abrogating the provision of the act of 1850, making the action of the Supreme Court final, in the matter of the appraisal of lands taken by railroad corporations, has no application. It only gives an appeal from the Special

to the General Term of the Court in which the proceeding is had. Moreover, it relates solely to special judicial proceedings, and was intended only to apply to the ordinary proceedings which were, under the general provisions of law, regulating the practice of courts of justice. It is *in pari materia* with, and substantially a part of the Code of Procedure, which it supplements. A general law will not, in the absence of a very evident intent, on the part of the Legislature, to do so, and which intent must appear by the terms of the act itself, abrogate or change the provisions of a special law passed for particular cases, constituting a class by themselves, for which the general laws of the State do not profess to provide. It was not in the mind of the Legislature, and they have not, either in terms or by implication, amended, or in any respect changed the general railroad law, or any of its provisions, by the act of 1854. (*People* v. *Quigg*, 59 N. Y., 83 ; *In re Comm'rs of Central Park*, 50 Id., 493.)

The appeal must be dismissed.

All concur.

Appeal dismissed.