THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES KILLEEN v. EDWARD P. BAIRD, City Judge of Yonkers.

*Right of trial by jury — city judge of Yonkers — power to hear cases — chap. 35 of 1873.*

A person accused of selling intoxicating liquors, in violation of law, is entitled to a trial by a jury.

The charter of the city of Yonkers (chapter 35, of 1873) provides that the city judge thereof shall have power to " hold Courts of Special Sessions, with all the powers and jurisdiction of such courts as regulated by statutes," etc.   It also authorizes the mayor and certain other officers to arrest all persons selling liquor contrary to law, and provides that they shall be deemed disorderly persons, and that when brought before the city judge he " shall proceed forthwith to hear, try and determine the complaint or charge." *Held*, that a person brought before a judge on a charge of selling intoxicating liquors, in violation of law, was entitled to a trial by jury if he demanded it.

WRIT of *certiorari* to review the conviction and sentence of the relator by the city judge of Yonkers, for selling intoxicating liquors on Sunday, in violation of law.

*Matt. H. Ellis*, for the relator.

*R. E. Prime*, for the respondent.

BARNARD, P. J. :

The city judge of Yonkers has power " to hold Courts of Special Sessions, with all the powers and jurisdiction of such courts as regulated by statute, to try, convict and sentence all persons who may be guilty of any offenses which are or may be triable by Courts of Special Sessions, and to hear and determine charges for every misdemeanor committed within said city." (Title 4, § 1, chap. 35, Laws of 1873.)

" The mayor of said city, the aldermen and each of them, or any of the police, shall have power and are hereby authorized, at any and all times, to arrest or cause to be arrested, with or without process, all persons who shall sell strong or spirituous liquors and wines within the limits of said city contrary to law ; all habitual drunk-

ards, all persons found intoxicated in the streets of said city, and all persons engaged in quarreling or fighting, or immoderate riding or driving, or doing any thing calculated to endanger persons or property in any of the streets of said city, and all persons refusing to assist in the extinguishment of fires, in addition to those persons enumerated in the first section of title 5, chapter 20 of the first part of the Revised Statutes; all of whom shall be deemed disorderly persons." (Title 12, § 11 of chap. 35, Laws of 1873.)

"When any person charged or complained against as a disorderly person, under the provisions of this act, shall be arrested and be brought before the city judge of said city, the said city judge shall proceed forthwith to hear, try and determine the complaint or charge on which said person is so arrested, or he may, in his discretion, adjourn the hearing or trial, on cause shown, not to exceed five days, and in the meantime shall commit the accused to the county jail or any other convenient or secure place until such day, or suffer him to go at large on his executing a bond with sureties, under the approval of the said city judge, conditioned that he will appear on such adjourned day; and upon the conviction of any such offender either by confession or competent testimony, the said city judge shall have full power and is hereby authorized to punish by fine, not exceeding fifty dollars, or by imprisonment in the county jail of Westchester county not to exceed six months, or by both fine and imprisonment." (Title 4, § 2 of said act.)

The relator was arrested by warrant issued upon a written complaint, for selling intoxicating liquors and wine as a beverage, on Sunday, in violation of law. Upon the complaint being read to him he pleaded not guilty, and offered to give bail sufficient for his appearance at the next court of competent criminal jurisdiction. The court refused to accept bail. The relator then demanded a trial by jury and the court refused to grant it. The court then tried the relator, convicted him and sentenced him to pay a fine of thirty dollars or be imprisoned in the county jail for thirty days.

The question presented is, whether these rulings were correct. Selling intoxicating liquors in violation of law was an offense triable by jury when the Constitution was adopted. "The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." (Constitution of 1846, art. 1, § 2.) "The term

' cases' is used in a generic sense; it embraces grades or classes, not individual or particular cases, except as they make up a class." " The intent of the Constitution was to preserve the right as amply as it was enjoyed at the time of its adoption." ( *Wynehamer* v. *The People*, 13 N. Y., 378.)

A statute making intoxication in a public place a criminal offense, the accused cannot be deprived of the right of trial by jury. (*Hill* v. *The People*, 20 N. Y., 363.) The name given to the accused, " disorderly person," does not deprive him of a right to trial by jury. By the Revised Statutes certain classes of persons were termed disorderly persons, and summary power was given to correct and require surety for their good behavior for a year. There was no punishment for the past. Violation of the excise law was not among those classes named. The legislature could not, by classing among disorderly persons those who were entitled to a jury trial, take the right away. Moreover, I do not think that the legislature intended to take away the right by the sections above cited. The city judge is required to " hear, try and determine," the complaint, and upon the conviction, to impose the sentence authorized by law; to " hear, try and determine," according to the established rules of the law in criminal cases; why infer a different mode of trial in the city of Yonkers, from that prescribed for other portions of the State; why infer it from a general direction to the officer, to forthwith hear the complaint, especially, as in the same statute the city judge is made a Court of Special Sessions, " as regulated by statute." It rather seems to me, that the legislature, because it gave a power to many city officials to arrest certain offenders without warrant, that the direction to proceed and hear the case forthwith, was intended to protect the accused and not to take away his legal rights. I think, therefore, that the conviction should be reversed.

GILBERT and DYKMAN, JJ., concurred.

Conviction reversed.