## SUPREME COURT.

### . In Matter of JOHN WACHER.

*Criminal law — Party convicted before justice of the peace in Albany county "as a disorderly person," may be sentenced to Albany penitentiary — Code of Criminal Procedure, section 903 — Provisions as to punishment of disorderly persons in Albany county — Laws of 1844, chapter 152; Laws 1847, chapter 183, not repealed by this section.*

A special local statute is not repealed by a general statute, unless the intent to repeal is manifest, although the terms of the general act would, but for the special law, include the cases provided for by the latter.

Chapter 152 of the Laws of 1844, which establishes the Albany penitentiary, and chapter 183 of the Laws of 1847, amendatory thereto, and which require a person convicted before one of the justices of the peace in and for the city and county of Albany of being a disorderly person and sentenced to hard labor, to be sent to such penitentiary, are still in force and unrepealed by the Code of Criminal Procedure.

Therefore, notwithstanding the provisions of section 903 of the Code of Criminal Procedure, a person convicted before and by one of the police justices of the city of Albany of being a disorderly person, may be sentenced to imprisonment in the Albany penitentiary at hard labor, instead of being committed to the Albany county jail.

*Ulster, Special Term, October,* 1881.

APPLICATION by *habeas corpus* to discharge Wacher from imprisonment in the Albany penitentiary.

*M. D. Conway,* for prisoner.

*D. Cady Herrick,* district-attorney, for the people.

WESTBROOK, *J.*— John Wacher was on the 16th day of September, 1881, duly convicted before and by William K. Clute, one of the justices of the peace in and for the city and county of Albany, and police justice of the city of Albany, of being a disorderly person, and was, upon such conviction, sentenced to imprisonment in the Albany peniten-

tiary at hard labor for the term of six months, or until he should give the bond required by the justice, and which is in the commitment distinctly specified. (

The only point urged in favor of the prisoner's discharge is, that he should have been committed to the Albany county jail, and not to its penitentiary, and it is founded upon section 903 of the Code of Criminal Procedure, which reads: "The magistrate must immediately cause the certificate, which constitutes the record of conviction, to be filed in the office of the clerk of the county, and must, by a warrant signed by him, with his name of office, commit the defendant to the county jail, or in the city of New York, to the city prison or penitentiary of that city, for not exceeding six months at hard labor, or until he give the security provided in section 901."

The district attorney, on the other hand, contends that chapter 152 of the Laws of 1844, which establishes the Albany penitentiary, and chapter 183 of the Laws of 1847, amendatory thereto, and which require a person convicted of the offense the petitioner is, and sentenced to hard labor, to be sent to such penitentiary, are still in force, and unrepealed by the Code.

The sole question then is, has the Code, by the section given, repealed the special laws in regard to the Albany penitentiary in this particular?

Title 7 of the Code of Criminal Procedure, entitled "Of proceedings respecting disorderly persons," of which section 903 forms a part, is a substantial re-enactment of title 5 of chapter 20 of the first part of the Revised Statutes (*Eds. Stat.*, 591), entitled, "Of disorderly persons." The old statutes, as the Code now does, required the sentence to be to the county jail, and the effect of the local acts in regard to the penitentiary was to make that, instead of the jail, the place of confinement for that class of offenders in the city and county of Albany. The statutes were in no wise in conflict, the manner of punishment was not changed,.

but thenceforth, after the passage of the local Albany acts, the disorderly person adjudged to imprisonment at hard labor within the city and county of Albany was to be confined in a prison called a "penitentiary" instead of a prison called a "jail." Were the special and local acts repealed by the re-enactment of certain parts of the Revised Statutes in the Code of Criminal Procedure?

It is a general rule of law that a special local statute is not repealed by a general statute, unless the intent to repeal is manifest, although the terms of the general act would, but for the special law, include the cases provided for by the latter (*Matter Com'rs of Central Park*, 50 *N. Y.*, 493 ; *People agt. Quigg*, 59 *N. Y.*, 83 ; 69 *N. Y.*, 209). I am unable to find in the re-enactment of the provisions of the Revised Statutes in regard to disorderly persons any clear and manifest intent to repeal the local statutes, which had so long harmoniously existed with the old general laws, of which the new is almost a transcript. I can only see in such re-enactment a desire to adopt and retain as a part of the general criminal Code of Procedure of the state a certain wise old mode of procedure as to certain offenders and offenses, without changing or repealing certain local statutes as to the place of confinement. It is true that the Code as it reads would, were it not for the special statutes, require the petitioner's imprisonment in the Albany county jail, and not in its penitentiary, but this is not enough (*see cases before cited, and especially judge* ALLEN's *opinion in* 50 *N. Y.*, 497); but the intention of the legislature to repeal or alter the particular law must also be manifest. As this intent is not manifest the result of my examination is, that the petitioner must be remanded to the keeping of the warden of the penitentiary.