## Onondaga County Court.

April, 1897.

PEOPLE ex rel. JOHN SHORTELL *v.* JOHN D. MARKELL, As Superintendent, etc.

MISDEMEANOR—INTOXICATION IN A PUBLIC PLACE.

> The charge of intoxication in a public place is a misdemeanor, and a police justice sitting as a police court has jurisdiction.

Habeas corpus against superintendent of the Onondaga County Penitentiary, to inquire into the validity of the imprisonment of relator, who had been convicted in the police court of the city of Syracuse on a plea of guilty of being intoxicated in a public place in violation of Laws 1896, c. 112, § 40.

M. L. McCarthy, for relator.

George W. Standen, Asst. Dist. Atty., for defendant.

ROSS, J.—It is claimed by the relator that the conviction by the court of special sessions was unauthorized, and that no jurisdiction is given to said court by the provisions of the act in question. Section 40 reads as follows:

" Intoxication in a Public Place. Any person intoxicated in a public place is a disorderly person and may be arrested without warrant while so intoxicated, and shall be punished by a fine of not less than three nor more than ten dollars, or by imprisonment. The purchase or procurement of liquor for any person to whom it is forbidden to sell liquor under section 30 of this act is a misdemeanor, punishable upon conviction, by a fine of not less than ten dollars or by imprisonment not exceeding six months, or by both such fine and imprisonment."

It has recently been held in the Sixth judicial district in the case of People ex rel. McCarthy v. Webster ( unreported, and no opinion ), by Mr. Justice Walter Lloyd Smith, that a person charged with public intoxication under section 40 is a disorderly person, subject to summary care by a magistrate, pursuant to the provisions of part 6, tit. 7, Code Cr. Proc. § § 899-913, incl., and that a conviction of a court of special sessions, and a commitment to a penitentiary, is unauthorized. A decision of that learned justice is entitled to great weight, but the decision referred to was rendered while the justice was engaged at circuit, and disposed of, as usually those proceedings are, hastily, and without an opportunity for careful examination. The use of the words " disorderly person " in the first clause of section 40, and the omission of the words specifically declaring the offense in question to be a misdemeanor, coupled with the declaration that a violation of the acts forbidden in the second sentence of the section are misdemeanors, would lend much force to the position taken by the learned justice. But see opinion of Mr. Justice Pratt in Behan v. People, 17 N. Y. 516, hereafter referred to. Also section 42 of the act in question specifically provides that a violation of any provison of the act for which no punishment is otherwise provided is a misdemeanor. The provision of title 7, above mentioned, in brief defined nine classes of persons who are termed disorderly persons. The first and second subdivisions related to persons who neglect to provide for their families. The other persons classified are fortune tellers, jugglers, habitual criminals, and so forth ; and upon a conviction by a magistrate provision is made that the defendant may give security in those cases where he is charged with neglect to support his family that they will not become a charge for one

year, upon the public; and in the other cases for his good be-
havior during the space of one year. The legislature may add
new offenses of the same grade or class as those previously con-
stituting a disorderly person, but they cannot by declaring an
offense which at common law is indictable to be punished sum-
marily in the provisions relating to 'disorderly persons. 1 Colby,
Cr. Law, 138. But, assuming that such authority exists, and
that the legislature had the right to deprive in this manner a per-
son charged with intoxication in a public place of the right to
trial by a jury, such a radical change in the method of disposing
of this class of offenses cannot be inferred, and such intent must
be manifest. The attempt to incorporate the provisions of the
first sentence of section 40, c. 112, Laws 1896, in, or to add the
same to, title 7, Code Cr. Proc., is most incongruous and unsatis-
factory. The provisions of section 40 authorize an arrest without
warrant, while the provisions of section 900 require both a warrant
and complaint. The persons classed as disorderly persons are all
cases of threatened, rather than consummated, misconduct. As
was said in the case of Hill v. People, 20 N. Y. 868: "In
those cases persons are charged with habitual misconduct, and not
with a specific offense. " And a provision creating an additional
class of disorderly persons without making any change from the
former method of punishment is useless. If a person convicted of
being intoxicated in a public place can be arrested without a com-
plaint, and without a warrant as heretofore, and punished in the
same manner as before, to simply term him a disorderly person
has no meaning.

Again, the silence of the statute as to any method of procedure
relating to this class of persons would seem to be very strong
evidence that it was not intended. If it was intended to remove
these offenders from a classification with those who are charged
with the actual commission of crime, and treat public intoxication,
not as a crime consummated, but as act to be prevented, which is
contrary to the actual fact, the entire details of such a charge
would not be left to inference. But, beyond all, such an inter-
pretation is contrary to all preceding legislation existing in this
state for nearly a century. And in arriving at a question of legis-
lative intent the previous legislation upon the same subject is not

only important, but a change of so radical a nature as that perhaps cannot be presumed, as was said by Mr. Justice Pratt in the Behan Case.

" It has been the policy of the state, at least since the year 1801, if not before, to make offenses against the excise laws punishable by indictment. * * * The presumption, therefore, is against the design on the part of the legislature, in the restoration of the license laws, to change a policy so long adhered to. It should require a clear expression of the legislative will to that effect to justify the courts in holding that offenses against those laws are no longer indictable." Hill v. People, 20 N. Y. 363.

It would require a great deal of hardihood to judicially determine that after an almost uniform course of legislation in this state for nearly a century, declaring that public intoxication is a crime, and providing for its punishment, that the legislature of 1896 intended to omit or did omit any provision for the punishment of this crime, this most common of all crimes. Such an interpretation would leave the public unprotected in this regard, not only by its omission from the act in question, which was designed as a uniform and complete act upon the subject to which it relates, but, by the language of section 44, which repeals all special or local laws in conflict with its provisions, which would at least render it doubtful whether the provisions of the various city charters in relation to this subject would afford any protection, and in those localities unaffected by local or special laws there would be no protection whatever.

The offense in question is not only not termed a misdemeanor, but the offender is called a " disorderly person, " and the punishment is prescribed. If no punishment were fixed, it would seem to be included in the provisions of section 42, which provides that any willful violation of a provision of this act for which no punishment or penalty is prescribed shall be a misdemeanor. Mr. Judge Folger, in the case of Foote v. People, 56 N. Y. 330, 331, said of the act of 1857 :

"We find the statute throughout declaring certain acts to be offenses, often giving to them no place in the gradation of crime, and affixing to them no punishment usually inflicted upon a criminal offender ; and again ranking others of them as misdemea-

nors, and specifying the punishment, or specifying the punishment, with no nomination of the grade of the offense. "

Take section 13 of the act of 1857 as an illustration of the class last named by the learned judge :

" Whoever shall sell any strong or spirituous liquors or wines in quantities less than five gallons at a time, without having a license therefor, granted as herein provided, shall forfeit fifty dollars for each offense. " Laws 1857, c. 628.

A violation of this section was held to be a misdemeanor in the Behan Case, in which Mr. Justice Pratt, on page 520, used the following language :

" The only reasons worthy of consideration which have been suggested in opposition to the views expressed above are based upon the fact, that the act itself declares some three or four of the violations of its provisions misdemeanors.    It is insisted that the maxim, " Expressio unius est exclusio alterius, " in its legal application to this statute, would exclude the assumption that any other offenses were designed to be deemed misdemeanors.    In a statute which appears to have been carefully drawn up, and all its provisions carefully considered, I should be inclined to give great force to that maxim ; but the statute under consideration appears upon its face to have been very carelessly framed, and to have been adopted without a very careful consideration of its provisions. In such case, it would not be safe to give that maxim much force. It would be much safer to look at the general scope and purpose of the act, and to search there for an expression of the legislative intention ; and in looking over all the provisions of the act, in general scope and tenor, I cannot resist the conviction that offenses against its provisions were designed to be punishable as misdemeanors. "

I think the Behan Case is in point.    The cases are similar in that there is no nomination of the crime, unless the words " disorderly person " is such a nomination ; also, in the fact that the punishment is specified.    The words " disorderly person " are, I believe, merely descriptive.    As was said by Mr. Judge Strong, in Hill v. Peodle, 20 N. Y. 368 :

"Persons who are found intoxicated in public places may well be considered as disorderly at the time.    So may persons when

perpetrating almost any crime. But when publicly arraigned for the offense they cannot be summarily tried by the magistrate alone, under the act relative to disorderly persons. ".

And I think the words in question are to be interpreted the same as if the words " is a criminal " were inserted.

The act is forbidden, and the punishment is prescribed. Section 3 of the Penal Code defines a crime: " A crime is an act or omission forbidden by law and punishable upon conviction by : (1) Death. (2) Imprisonment. (3) Fine. " Section 4 provides that a crime is either " (1) a felony, or (2) a misdemeanor. " Section 5 : "A felony is a crime which is or may be punishable by either (1) death, or (2) imprisonment in a state prison." Section 6 : "Any other crime is a misdemeanor.' It would, therefore, seem that, if this act is forbidden by law, by the process of elimination it is necessarily a misdemeanor. It was held in the case of People v. French, 102 N. Y. 583, 7 N. E. 913, that the offense of intoxication created by the excise law of 1857 (chapter 628, § 17 ) is a crime. If the charge of public intoxication is a misdemeanor, the police justice sitting as a police court had jurisdiction, and a conviction was authorized. Const. art. 6, § 23 ; Code Cr. Proc. §§ 56, 74 ; Pen. Code, § 725, subd. 3 ; Charter of City of Syracuse, §§ 52, 53.

The writ dismissed, and relator remanded.

As the term of imprisonment of the relator will expire before he can have this decision reviewed by the appellate division, a stay is granted upon the relator's giving an undertaking in the sum of $300. But if an appeal is not taken within three days from the entry of an order hereon, or the relator does not serve his case upon the district attorney within twenty days thereafter, or does not argue or submit the appeal at the June term of the appellate division, then, upon his default in any of these particulars, the stay herein will be vacated without notice.

Ordered accordingly.