<table>
<tr><td></td><td>118</td><td>73|</td></tr>
<tr><td></td><td>120</td><td>85|</td></tr>
<tr><td></td><td>120</td><td>86</td></tr>
<tr><td></td><td>118</td><td>73|</td></tr>
<tr><td></td><td>f 122</td><td>415|</td></tr>
</table>

PEOPLE *v.* SMITH.

1. GRAND JURY—CHALLENGE—TRIAL.

On a trial under an indictment by a grand jury, the accused can avail himself of no objections going to the competency of a grand juror other than those to which, under the statute (2 How. Stat. §§ 9496, 9497), he is limited when held to answer to such jury, viz., that the juror is prosecutor or complainant.

2. SAME—INDICTABLE OFFENSE.

A violation of the state liquor law (Act No. 313, Pub. Acts 1887) is an indictable offense, since the statute does not appoint a particular remedy, or provide a particular method of procedure, exclusive of indictment.

Exceptions before judgment from Berrien; Coolidge, J. Submitted June 16, 1898.   Decided July 18, 1898.

Charles A. Smith was convicted of violating the liquor law.   Conviction affirmed.

*O'Hara & O'Hara,* for appellant.

*G. M. Valentine,* Prosecuting Attorney, for the people.

GRANT, C. J. Respondent was indicted by a grand jury of Berrien county for keeping his saloon open on Sunday, contrary to section 17 of the state liquor law (3 How. Stat. § 2283*e*), tried, and convicted. Two questions are presented: (1) Was the grand jury a legal body? (2) Is the violation of the liquor law of the State an indictable offense?

The statute is conclusive of the first question. The objections relate to irregularities in the drawing of the jury. The statute specifies what shall be a ground of challenge, viz., that a juror is prosecutor or complainant. It expressly prohibits a challenge on any other ground. 2 How. Stat. §§ 9496, 9497. The question is discussed by Mr. Justice MORSE in *People* v. *Lauder,* 82 Mich. 133, authorities cited, and statute quoted. An objection prohibited by the statute when the grand jury is impaneled cannot be valid when the party is put upon trial under the indictment found. There was no fraud or willful disregard of the law, or even an indication that competent jurors were not secured, or that respondent was prejudiced.

Upon the second point counsel cite no authority. The following cases sustain the right to proceed by indictment: *People* v. *Stevens,* 13 Wend. 341; *People* v. *Brown,* 16 Wend. 561; *State* v. *Meyer,* 1 Spears, 305; *Keller* v. *State,* 11 Md. 525 (69 Am. Dec. 226). The rule is thus stated by Russell: "Where the statute creates a new offense, by prohibiting and making unlawful anything which was lawful before, and appoints a particular remedy against such new offense by a particular sanction and particular method of proceeding, such method of proceeding must be pursued, and no other." 1 Russ. Crimes (Internat. Ed.), 201; 10 Enc. Pl. & Prac. 351. Act No. 313, Pub. Acts 1887, does not appoint a particular remedy or provide a particular method of procedure. It leaves open either method.

Conviction affirmed.

The other Justices concurred.