### PEOPLE v. MULKINS.

### (Otsego County Court. August, 1898.)

**1. CRIMINAL LAW—APPEAL—NOTICE—SERVICE.**

Accused, on conviction, delivered affidavit and allowance of appeal to·
the magistrate or clerk of the court rendering the judgment within five
days after allowance of appeal, as provided by Code Cr. Proc. § 755.
*Held,* that the appeal was perfected, though he did not serve a copy of
the affidavit and a notice of the allowance of appeal on the district attor-
ney, as provided by Code Cr. Proc. § 752, as amended by Laws 1897, c.
536.

**2. SAME—WARRANT.**

The issuance of a warrant is unnecessary, after an accused has been·
lawfully arrested and brought before a magistrate without a warrant.

**3. SAME—INTOXICATION—INDICTMENT.**

Liquor Tax Law, § 35, subd. 2, as amended by Laws 1897, c. 312, pro-
vides that courts of special sessions shall have conclusive jurisdiction of
complaints for violation of section 40, relating to intoxication in public·
places. *Held,* that Code Cr. Proc. §§ 56, 58, providing, in certain crimes,
not including drunkenness, for a certificate authorizing a charge to be
prosecuted by indictment, does not apply to proceedings before the special
sessions for intoxication in a public place.

**4. SAME—EXCESSIVE SENTENCE.**

Defendant was sentenced to imprisonment in a county penitentiary for·
90 days for being intoxicated in a public place. He did not belong to the
criminal classes, and did no injury to person or property. *Held,* that the
sentence should be reduced to 60 days; Code Cr. Proc. § 764, giving the·
court power to modify a sentence in furtherance of justice.

Appeal from court of special sessions.

Irving Mulkins was convicted of being intoxicated in a public place,·
and he appeals. Modified.

W. J. Palmer, for appellant.

Tilley Blakely, Dist. Atty., for the People.

BARNUM, J. The defendant was arrested by an officer without a·
warrant, and taken before a justice of the peace. An information·
was made and filed, charging the defendant with the crime of being
intoxicated in a public place, which is a misdemeanor, under chapter·
312, Laws 1897, § 40. The defendant was committed under a plea
of guilty, after having been informed by the justice that he was en-
titled to the aid of counsel and to a jury trial, and was sentenced to·
confinement in the Albany penitentiary for 90 days on the 7th day of
July, 1898. An appeal to this court was allowed on the 12th day of·
July, 1898. A copy of the affidavit upon which the appeal was al-
lowed was served upon the district attorney July 20, 1898. The·
district attorney asks the court to hold that the appeal was not per-
fected, and that this court has not acquired jurisdiction of the case,
because of the failure to serve a copy of the affidavit and a notice of·
allowance of the appeal upon him within five days after the appeal
was allowed, as provided by a clause of section 752 of the Code of
Criminal Procedure which was added to the section by chapter 536·
of Laws of 1897, and provides that the defendant or his attorney must,
within five days after the appeal is granted, serve a copy of the affi-
davit and order upon the district attorney. The language of the·
amendment is emphatic, and the legislature evidently intended that it·
should have some effect; but no provision is made in the statute pre--

scribing any consequences for a failure to comply with its provisions, nor does it contain language indicating an intent to change any other section of the Code. Section 755, which provides when an appeal shall be deemed taken, was left the same as it has been since it was amended in 1890. Section 755 provides that the affidavit and allowance of the appeal must be delivered to the magistrate or clerk of the court rendering the judgment within five days after the allowance of the appeal, and when so delivered the appeal is deemed taken. It is not necessary at this time to determine what effect can be given to a failure to serve upon the district attorney as required by the amendment of 1897 to section 752. I am convinced that its effect is not such as to make it necessary to serve the affidavit and order upon the district attorney before the appeal shall be perfected. The defendant having complied with the requirements of section 755, the appeal was properly taken, and this court has jurisdiction of the case.

Defendant's counsel contends that the justice should have issued a warrant after the defendant was brought before him, and that the judgment should be reversed because of his failure to do so. The arrest was properly made without a warrant. Code Cr. Proc. § 177. There was no necessity for then issuing a warrant. The office of a warrant is to bring a defendant before the court, and I cannot see any necessity for a preliminary examination for the purpose of determining whether he was properly arrested. That question can be better determined by the trial which may follow if defendant does not plead guilty. A warrant, if then issued, would have commanded the officer to forthwith arrest the defendant and bring him before the magistrate, —an entirely useless proceeding at a time when the defendant was already under arrest, and before the magistrate on the same charge. The views above expressed seem to me to be fully sustained by reason and by the authorities. People v. Webster, 75 Hun, 281, 26 N. Y. Supp. 1007; People v. Burns, 19 Misc. Rep. 681, 44 N. Y. Supp. 1106.

It is urged that the defendant had the right to apply to a judge of the supreme court, or to the county judge of the county, for a certificate that it is reasonable that the charge be prosecuted by indictment, pursuant to section 57 of the Code of Criminal Procedure, and that it was reversible error for the court to omit to inform the defendant when he was brought before him that he had the right to make the application. Section 35, subd. 2, of the liquor tax law, as amended by chapter 312 of Laws of 1897, provides that "courts of special sessions shall have exclusive jurisdiction to try and determine, according to law all complaints for violation of section 40. * * * Any person convicted in a court of special sessions for violation of any of the provisions of the liquor tax law shall be punished according to the provisions of this act." Section 40 of the liquor tax law provides that "any person intoxicated in a public place is guilty of a misdemeanor, and may be arrested without a warrant while so intoxicated, and shall be punished by * * * imprisonment not exceeding six months." The act giving courts of special sessions exclusive jurisdiction to try and determine complaints for violation of section 40 of the liquor tax law makes no exceptions. It does not contain any reference to sections 56, 57, or 58 of the Code of Criminal Procedure. So that the defendant cannot claim any privilege under

the provisions of either of those sections, unless the language of the sections is broad enough to embrace a complaint for intoxication in a public place. Section 56 of the Code of Criminal Procedure provides that, "subject to the power of removal provided for in this chapter, courts of special sessions * * * have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties as follows" (naming 37 crimes). Section 58 provides, "When a person is brought before a magistrate charged with the commission of any of the crimes mentioned in section 56 * * *" it shall be the duty of the magistrate to adjourn to give time for the defendant to apply for a certificate, and adds, "and when the defendant is brought before the magistrate it shall be the duty of the magistrate to inform him of his rights under section 57." Section 57 provides for procuring a certificate that it is reasonable that the charge be prosecuted by indictment, when the charge is any of the crimes specified in section 56. It then becomes important to determine whether section 56 contains language sufficiently comprehensive to apply to a charge of intoxication in a public place. Defendant's attorney calls attention to subdivision 35, and quotes the words, "such other jurisdiction as is now conferred by statute," etc., and claims that the language is sufficient to embrace the charge made against the defendant. The language quoted by the attorney is not now a part of subdivision 35. The subdivision was amended by chapter 555 of Laws of 1896, and now reads, "for all violations of the provisions of the agricultural, poor and domestic commerce laws," which manifestly does not apply to the charge in question. My attention has not been called to any provision of law, and I have not been able to find any, which gives a justice of the supreme court or a county judge the power, when the charge against the defendant is intoxication in a public place, to order that the charge be prosecuted by indictment. The court of special sessions, in my opinion, had exclusive jurisdiction to try and determine the charge against the defendant. I think the proceedings before the court of special sessions were free from error.

Section 764 of the Code of Criminal Procedure confers upon the court the power to modify the sentence imposed upon the defendant, if the court shall deem it in furtherance of justice to do so. I am convinced that the justice imposed the sentence which seemed to him to be proper, and, without doubt, the effect upon the defendant of knowing that the law can lay a heavy hand upon those who violate its provisions will tend to impress him with the fact that it must be respected. So far as I am advised, the defendant, while intoxicated, did not commit any injury to person or property, and does not belong to the criminal classes. I think that, after the warning which he has had, a modification of the sentence to imprisonment in the Albany penitentiary for 60 days may have a good effect, in restraining the defendant from a repetition of the offense.

An order may be prepared modifying the sentence to 60 days' imprisonment in the Albany county penitentiary, and, as modified, affirming the judgment appealed from. The order may be submitted to the district attorney for approval, and, if necessary, submitted to me for settlement.