The People of the State of New York, Respondent,
*v.* Louis Soloman, Appellant.

(·County Court, St. Lawrence County, December, 1907.)

Criminal procedure — Proceedings on review — Bill of exceptions, case
or returns — Amendment or correction of record on appeal.

> The verdict of a jury and the judgment of a court even of
> limited and inferior jurisdiction cannot be disregarded until it is
> made to appear that some prejudicial error has been committed;
> and where, upon an appeal to the County Court from a conviction
> of the defendant by a magistrate for intoxication in a public place,
> nothing which the law can regard as a record shows the errors that
> are claimed to exist, the appeal should be dismissed unless the
> appellant applies for an amended return within a reasonable period
> to be fixed by the court.

Appeal by an Indian from a conviction for intoxication
in a public place.

H. B. Chase, for appellant.

C. S. Ferris, district attorney, for people.

Hale, J.  By section 756 of the Code of Criminal Pro-
cedure, the court rendering judgment must make a return to
all the matters stated in the affidavit.  By section 763 the
appeal is required to be heard upon the original return.

The papers produced before me consist of an information,
which seems to have been made after the arrest; the original
venire; some undecipherable but quite likely original
minutes of testimony written down one side and up the other
on several sheets of paper so fastened together that the con-
tents at the ends of the sheets if legible cannot be got at;
a typewritten copy of what is probably the minutes of testi-
mony; appellant's undertaking to abide the determination
of the County Court upon the appeal; the affidavit by appel-
lant's attorney on which the appeal was allowed; and a car-
bon copy of the copy of the testimony above referred to.
From the beginning to the end of the papers is no state-
ment that the defendant was informed as to the charge pre-

ferred against him, or as to any of his rights to counsel, witnesses, etc.; nor that he pleaded not guilty or otherwise; in short, no certificate whatever by the justice holding the court; no statement that the evidence returned is the evidence in the case; no statement that there were not other proceedings and other evidence; and no explanation why it was necessary to return the original and two copies of the testimony (assuming that they are the original and copies thereof), nor as to who makes the return.

It would appear that several errors were committed upon the trial, if it be assumed that the evidence is before me. Nothing can be clearer than that the defendant was entitled to prove that his character is good. It is equally clear that statements made by the complaining witness to the officer and others not in the presence of the defendant ought not to have been received in evidence. The fact that the defendant was an Indian ought to have made the court even more careful than usual to observe the rules of evidence, because it may very well be that the jury entertained a prejudice against the defendant on account of his race.

It is not clear how the officer was authorized to make the arrest without a warrant. It would seem that defendant was in bed at a private house at the time the officer came to arrest him. That he was disorderly or creating any disturbance when the officer arrived on the scene is not shown, but it seems that the defendant was ejected from the house into the street. It appears with sufficient clearness that he was in fact intoxicated when he got into the street; but it is questionable procedure, to say the least, to take an intoxicated person who has gone to bed and is quiet and put him into the street in order to arrest him for intoxication in a public place without a warrant. It seems to have been an imitation of the practice of the legendary doctor who, when he didn't know how to treat his patient, threw him into fits and treated him for fits.

But it is my understanding that the verdict of a jury and the judgment of a court, even of limited and inferior jurisdiction, cannot be disregarded until it is made to appear that

some prejudicial error has been committed.   Nothing which the law can regard as a record showing error appears in this case; and the appeal is, therefore, dismissed, unless appellant applies for an amended return within ten days.

Appeal dismissed.