## COUNTY COURT—SCHUYLER COUNTY.
### Oct. 1909.

## THE PEOPLE v. GEORGE D. BROWN.

(64 Misc. 677.)

PUBLIC INTOXICATION—PENAL LAW, SECTION 1281.

Where the only charge made against a defendant was that of intoxication in a public place, proof that, at the time the officer, without a warrant, arrested him, he was lying down upon a couch in a private house where he was a frequent visitor, will not justify his conviction in a Court of Special Sessions of the crime charged, even if he was intoxicated at the time of his arrest.

APPEAL from a judgment of a Court of Special Sessions, convicting the defendant of the crime of intoxication in a public place.

W. Robertson, for appellant.

Geo. M. Velie, District Attorney, for respondent.

NYE, J.:

The defendant was arrested, at a private house, by an officer without a warrant, and was taken before a justice of the peace. An information was made and filed charging the defendant with the crime of being intoxicated in a public place, which is a misdemeanor under section 1281 of the Penal Law.

The defendant was convicted, after a jury trial, and was sentenced to confinement in the Monroe County Penitentiary for ninety days.

Section 763 of the Code of Criminal Procedure provides that the appeal must be heard upon the original return.

The officer who made the arrest testified: " I was telephoned to come to Benjamin's; that Brown was licking his horse. I went

down to Benjamin's and sat on Young's horse-block. Mrs. Benjamin came to the door and motioned me to come over. I did and went into the house and she was in the kitchen. I asked what she wanted. She wanted me to take Brown out of there —he was lying on the couch. I took him out of the house onto the street. He asked me what I was going to do with him. I said 'you are drunk and I am going to lock you up.' The Benjamin house is a private residence."

Mrs. Benjamin testified that the defendant was a frequent visitor at her house.

Section 177 of the Code of Criminal Procedure provides, that "A peace officer may, without a warrant, arrest a person, (1) For a crime committed or attempted in his presence; (2) When the person arrested has committed a felony, although not in his presence; (3) When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it."

It would seem from the evidence as contained in the return that the officer was not authorized to arrest the defendant, upon the charge of intoxication in a public place, without a warrant.

The defendant was lying down upon a couch in a private house at the time the officer came to arrest him. That he was disorderly or creating any disturbance is not shown.

No crime was committed or attempted in the presence of the officer, unless the intoxication of the defendant in this private house, where it appears he was a frequent visitor, was a crime. If this was a crime it was not the crime of " intoxication in a public place."

It is urged on the part of the people that the arrest was made after the officer had taken the defendant out of the house and upon the street.

In *People v. Soloman,* 57 Misc. Rep. 288, the Court says: " It is questionable procedure, to say the least, to take an intoxicated person who has gone to bed and is quiet and put him

into the street in order to arrest him for intoxication in a public place without a warrant."

Section 764 of the Code of Criminal Procedure provides: "After hearing the appeal the court must give judgment without regard to technical errors or defects which have not prejudiced the substantial rights of the defendants, and may render the judgment which the court below should have rendered, or may, according to the justice of the case, affirm or reverse the judgment, in whole or in part, as to all or any of the defendants, if there be more than one, or may order a new trial, or may modify the sentence."

The only charge made against the defendant is that of "intoxication in a public place."

There was not sufficient evidence to sustain a conviction upon this charge; and, as there is nothing in the return to warrant a conviction upon any other charge, the judgment of the Court of Special Sessions is reversed and defendant discharged.

Judgment reversed.

---

## NOTE ON PUBLIC INTOXICATION AS A CRIME.

GENERALLY.

Provisions of laws of 1857, ch. 628, sec. 17, amended by laws 1869, ch. 856, sec. 1, providing for punishment of public intoxication held not to be repealed by Code Crim. Pro., sec. 56, sub. 12, but to remain in full force and effect. People v. Burleigh, 1 Crim. Rep. 522.

Intoxication in a public place is a crime and a conviction thereof renders one ineligible to a position on the police force of New York city. People ex rel. Kopp v. Board of Police, 4 Crim. Rep. 300, 102 N. Y. 583.

JURISDICTION.

Offense of public intoxication in violation of section 40 of the Liquor Tax Law is a misdemeanor, of which a Court of Special Sessions has jurisdiction. People ex rel. Shortell v. Markell, 20 Misc. 149.

Liquor Tax Law gives Courts of Special Sessions exclusive jurisdiction to try the offense of intoxication in a public place; there is no provision of

law which authorizes a county judge or a justice of the Supreme Court to certify under section 57, Code of Crim. Proc. that it is reasonable that such a charge be prosecuted by indictment, and therefore a failure of the magistrate to inform the accused that he has such a right is not a ground of error.  People v. Mulkins, 25 Misc. 599.

A peace officer may, without a warrant, arrest a person for the misdemeanor of being intoxicated in a public place, and where a person thus arrested is brought before the magistrate it is unnecessary for the latter to then issue a warrant.  Id.

**PROCEDURE.**

A person accused of being intoxicated in a public place cannot be summarily tried before a justice of the peace unless he so elects, but is entitled to give bail for his appearance before the next Court of Oyer and Terminer or General·Sessions, and the accused cannot be deprived of the right to trial by jury.  Hill v. People, 20 N. Y. 363.

Provisions of excise law in regard to public intoxication are not unconstitutional and are to be enforced, not by a Court of Special Sessions, but by the magistrate before whom the offender shall be brought, according to law, and latter is not entitled to a trial either by a common law jury of twelve or a jury of six.  People v. Burleigh, 1 Crim. Rep. 522.

On the question whether a person is intoxicated, it is competent to ask a witness who saw and observed him on the occasion referred to, whether, in his judgment, he was then under the influence of intoxicating liquor, and the question does not call for an answer in violation of the general rule which excludes the opinion of witnesses.  People v. Eastwood, 14 N. Y. 562.