## COUNTY COURT—ONONDAGA COUNTY.

### December, 1912.

## THE PEOPLE v. PETER DINEHART.

(78 Misc. 415.)

COUNTY COURTS—JURISDICTION—MODIFICATION OF SENTENCE IMPOSED BY
COURT OF SPECIAL SESSIONS.

A County Court has no authority to modify a sentence imposed by
a Court of Special Sessions on the ground that it is excessive. That
a sentence imposed by a Court of Special Sessions is excessive does
not present the question whether the verdict is against the weight of
evidence.

ON September 16, 1912, the defendant was convicted of the
crime of disorderly conduct upon a trial had before Harry E.
Reed, justice of the peace of the town of Salina, Onondaga
county, N. Y., sitting as Court of Special Sessions, and a jury,
and it was thereupon adjudged by said Court of Special Ses-
sions that the said Peter Dinehart should be imprisoned in the
Onondaga County Penitentiary for a period of six months.
From such conviction and commitment this appeal was taken.

The justice of the peace in the return in this case has incor-
porated a number of affidavits taken after the appeal was per-
fected, which affidavits tend to show that the sentence was not
too severe. And he also has annexed a petition of a number
of people to the same effect. These matters are not properly
part of the return, not being a history of what occurred at the
trial, and the question involved here is not the severity of the
sentence, but whether this court has power to review it.

*Barnum & Wells,* for Peter Dinehart, defendant and appel-
lant.

*George W. Standen, First Assistant District Attorney of Onondaga County,* for People, respondent.

Ross, J.:

The only assignment of error claimed by the appellant is that the said sentence of six months is excessive.

The learned district attorney's position is that the claim of the defendant that his sentence is excessive does not present reversible error, and I do so hold, not in the exercise of discretion, but upon the ground that I have no authority to modify a sentence imposed by a Court of Special Sessions or by a committing magistrate upon the sole ground that the sentence imposed is excessive. The authority for allowing an appeal from a Court of Special Sessions is to be found in section 750 of the Code of Criminal Procedure: "An appeal may be allowed for an erroneous decision or determination of law or fact upon the trial," and I hold in this case that the imposition of a sentence by the committing magistrate within the statutory limitations presents neither.

It is true that section 764 of the Code of Criminal Procedure gives this court the right to " render the judgment which the court below should have rendered, or may, according to the justice of the case, affirm or reverse the judgment, in whole or in part." But this assumes that an erroneous determination or decision of law or fact has been made by the trial court, which gives the court jurisdiction. In other words section 764 is not jurisdictional.

Bear in mind that a claim of a sentence imposed by a justice of Special Sessions is excessive does not present the question whether the verdict is against the weight of evidence. This is a matter that relates to the finding of the guilt or innocence of the defendant and not to the extent of sentence imposed. The latter is a matter resting entirely in the discretion of the committing magistrate.

This court has for years assumed to exercise such power of modifying sentences, usually upon the recommendation either of the trial justice or of the district attorney, or both, and such action has been based upon conditions which seemed to this court at the time to render such action proper and in furtherance of justice and in the best interests of the people, and such power has been exercised by the County Court in other counties. See People v. Mulkins, 25 Misc. Rep. 599, 13 N. Y. Crim. 359; People v. Loomis, 65 id. 156, 24 N. Y. Crim. 140.

In the press of business of the Court of Special Sessions all the facts may not be brought to the attention of that court, or conditions may arise after commitment which would strongly impel a judge to modify a sentence if such authority existed, especially as executive clemency is rarely exercised in cases of misdemeanors. But, until the authority of the County Court to act in this class of cases is given by legislation, it is powerless.

Judgment affirmed upon the ground of want of authority to act, and the appellant may make an application to be admitted to bail pending an appeal to the Appellate Division.

Judgment affirmed.