·would thus become an intermediate order reviewable thereon. The headnote to syllabus No. 2, reading, "Order denying motion to quash indictment appealable," does not mean that such order is appealable independently of the judgment. The whole reasoning of the opinion of Judge Haight is to the effect that such order could be incorporated in the case on appeal from the judgment of conviction, and therefore would be reviewable as an intermediate order. It is in that sense, and in that sense only, that such order·is appealable.

Any other rule of practice would be disastrous to criminal procedure and the trial of indictments. Criminal trials could be indefinitely postponed if appeals were permitted from each intermediate order and ruling made upon the motion of the defendant.

[4] The motion in the case at bar was made upon the ground that the facts stated in the first count of the indictment did not constitute a crime, which is one of the grounds of demurrer provided by section 323 of the Code of Criminal Procedure. The defendant therefore had his remedy by demurrer.

[5] It is only where a substantial right is affected which cannot be otherwise raised that the courts have enlarged the grounds for the setting aside of an indictment, and have held that section 313 was not restrictive as to the grounds upon which such a motion might be made. The defendant's motion was oral, and section 324 provides that a demurrer must be in writing.

[6, 7] Besides, the defendant had pleaded not guilty, and, while that plea stood, could not demur. But, even if the motion be deemed equivalent to a demurrer, still the defendant had no right to appeal from the judgment entered thereon. People v. Canepi, supra.

If we are right in our conclusions, it follows that the appeal must be dismissed.

---

### PEOPLE v. DIENHART.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

1. CRIMINAL LAW (§ 1005*)—APPEAL—STATUTORY PROVISIONS.

　　The provision of Code Cr. Proc. § 749, that a judgment of conviction rendered by a Court of Special Sessions may be reviewed by the County Court upon appeal as prescribed by that title, "and not otherwise," merely limits the mode of review to an appeal, excluding certiorari, and does not limit the grounds for an appeal.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2563; Dec. Dig. § 1005.*]

2. CRIMINAL LAW (§ 1023*)—APPEAL—STATUTORY PROVISIONS.

　　Under Code Cr. Proc. § 749, providing that a judgment of conviction rendered by a Court of Special Sessions may be reviewed by the County Court of the county upon appeal, section 750 authorizing appeals for an erroneous decision or determination of law or fact upon the trial, and section 764 authorizing the County Court to render the judgment which the court below should have rendered, affirm, reverse, order a new trial, or modify the sentence, an appeal may be taken solely for a review of the justice's discretion in imposing a sentence within his jurisdiction; an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"erroneous decision or determination of law or fact" not being limited to proceedings before judgment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. § 1023.*]

McLennan, P. J., dissents.

Appeal from Onondaga County Court.

Peter Dienhart was convicted of disorderly conduct by a Court of Special Sessions held by a justice of the peace. From an order of the County Court (78 Misc. Rep. 415, 139 N. Y. Supp. 678) affirming the judgment of conviction, he appeals. Reversed and remanded.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

William L. Barnum, of Syracuse, for appellant.

George H. Bond, Dist. Atty., and George W. Standen, both of Syracuse, for the People.

ROBSON, J. Defendant's appeal to the County Court was allowed by the county judge of the county of Onondaga upon an affidavit alleging as the sole ground of error that the judgment sentencing the defendant to confinement in the Onondaga county penitentiary for the period of six months imposed an excessive punishment for the crime of which defendant had been found guilty after a jury trial in a Court of Special Sessions. The order of the County Court affirming the judgment recites that the affirmance is "on the ground that this court has no power to modify sentence where the sole ground of appeal is that the sentence is excessive." Counsel for appellant and for respondent each in his brief submitted on this appeal states that:

"The only question raised, or to be raised, on this appeal, is whether or not the appeal papers, otherwise in conformity with the Code, which raise as the alleged error that the sentence was excessive, conferred jurisdiction upon the County Court."

Our attention has not been called to any reported case, other than the opinion delivered by the learned county judge when the appeal in this case was before the County Court (139 N. Y. Supp. 678), in which it has been held that the County Court has not such jurisdiction.

[1, 2] Section 749 of the Code of Criminal Procedure provides:

"A judgment upon conviction, rendered by a Court of Special Sessions, * * * may be reviewed by the County Court of the county upon appeal as prescribed by this title, and not otherwise."

Section 750 defines the causes for which an appeal may be allowed, to wit, "for an erroneous decision or determination of law or fact upon the trial. * * *" The first quoted section was substantially the same in the Code when first enacted. The words "and not otherwise" are not words of limitation of the other sections of the title, but refer to and exclude a review of a judgment of a Court of Special Sessions by the writ of certiorari, as under the former practice. People ex rel. Com'rs of Charities v. Cullen, 151 N. Y. 54, 58, 59, 45 N. E.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

401. Section 750, as it appeared in the Code as originally adopted, provided that:

"An appeal cannot be allowed for any other cause than the erroneous decision of the court in the course of the proceedings before it or in the determination of the cause. * * *"

By chapter 360, Laws of 1882, the section was amended to read:

"An appeal may be allowed for an erroneous decision or determination of law or fact upon the trial."

By the same act section 764 was amended by adding at the end the words "or may modify the sentence." The former section has since been again amended in matters not material to our inquiry. By this amendment the Legislature intended, it seems to me, to provide specifically for the review of the propriety of the sentence, even though it were one within the power of the trial court to impose; for every other disposition of the judgment upon appeal was already provided for in section 764 before the final words were added to that section. To limit the words "of law or fact upon the trial" in section 750 to the proceedings before judgment would be an unwarranted restriction. In People ex rel. Stokes v. Riseley, 38 Hun, 280, there is a dictum to the effect that an appeal would lie from an illegal judgment, rendered upon a valid conviction—that is, the judgment void because the sentence was greater than the court had power to impose—and that the appellate court could pronounce a legal judgment. That being true, such appeal of necessity would be solely to review the sentence, the valid conviction excluding the notion of error before judgment. In People v. Baldwin, 4 N. Y. Supp. 608, the court (General Term, Third Department) says:

"We think, therefore, that, although the defendant pleaded guilty, yet he had the right to have the Court of Sessions exercise its discretion as to the sentence."

The order of the Court of Sessions dismissing the appeal was reversed.

The power to modify upon appeal sentences, legally imposed, has been generally recognized and exercised by the courts. Other reported cases illustrating this statement are People v. McIntosh, 5 N. Y. Cr. R. 38, People v. Mulkins, 25 Misc. Rep. 599, 54 N. Y. Supp. 414, and People v. Loomis, 65 Misc. Rep. 156, 121 N. Y. Supp. 91.

To deny to a defendant the right to require the appellate court to exercise its discretion in reviewing the sentences pronounced by trial magistrates would in my opinion be contrary to the legislative intent, and certainly opposed to the current of judicial authority and practice.

The order should be reversed and the case remitted to the County Court of the county of Onondaga, to the end that the question whether the sentence of the Court of Special Sessions was excessive may be there passed upon and determined. All concur, except McLENNAN, P. J., who dissents upon the opinion of ROSS, County Judge.