# SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

## June 30, 1919.

## THE PEOPLE v. ROBERT C. WEAVER.

### (188 App. Div. 395.)

(1.) MOTOR VEHICLE LAW*—DRIVING MOTOR VEHICLE WHILE INTOXICATED.

Intoxication cannot legitimately be inferred solely from the fact that one alleged to have been intoxicated drove an automobile recklessly on the highway.

(2.) SAME—EVIDENCE—DRIVING RECKLESSLY AS ESTABLISHING INTOXICATION —WORDS AND ACTS OF MAN ALLEGED TO BE INTOXICATED.

Evidence as to what a man did or said, during the period when he was alleged to have been intoxicated, is admissible for the purpose of establishing that he was intoxicated.

(3.) SAME—INTOXICATION, WITHIN MEANING OF HIGHWAY LAW, § 290.

A man is intoxicated within the meaning of subdivision 3, section 290 of the Highway Law, providing that whoever operates a motor vehicle while in an intoxicated conditon shall be guilty of a misdemeanor, who is affected by alcoholic beverage to such an extent as to impair his judgment or his ability to operate a motor vehicle.

(4.) SAME—COMMON MEANING OF INTOXICATION.

Intoxication in a common sense and conservative way implies undue or abnormal excitation of the passions or feelings or the impairment of the capacity to think and act correctly and efficiently, and suggests the loss of the normal control of one's faculties.

(5.) SAME—TRIAL—CHARGE HELD TO BE ERRONEOUS ON QUESTION OF INTOXICATION.

An instruction by the court in a criminal case, wherein the defendant is charged with driving an automobile while in an intoxicated condition, is erroneous, if it permits the jury to find the defendant to have been intoxicated if he was ''affected by drink'' to any extent, even though his judgment and mental and physical faculties were entirely unimpaired and his ability to operate the automobile entirely unaffected.

JOHN M. KELLOGG, P. J., dissented.

---

* See notes, Vol. 28, p. 242; Vol. 36, p. 16.

APPEAL by the defendant, Robert C. Weaver from a judgment of the County Court of Oneida county in favor of the plaintiff, entered in the office of the clerk of said county on the 14th day of May, 1917, convicting him of the crime of operating a motor vehicle while intoxicated.

This appeal was transferred from the Fourth Department to the Third Department. (See 187 App. Div. 971.)

*James Coupe* (*John C. Davies*, of counsel), for the appellant.

*William R. Lee, District Attorney*, for the respondent.

COCHRANE, J.:

The defendant has been convicted of violating the following provisions of subdivision 3 of section 290 of the Highway Law: " Whoever operates a motor vehicle while in an intoxicated condition shall be guilty of a misdemeanor." (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], § 290, subd. 3, as added by Laws of 1910, chap. 374.)*

At about nine o'clock of the evening in question during August, 1916, the defendant drank two glasses of Eagle beer in a saloon in Utica. With four companions he then traveled in his automobile eight or ten miles to a hotel in the country where they remained until about twelve o'clock. In the meantime each member of the party drank three bottles of Budweiser beer equivalent to six glasses. The defendant proved that all the beer consumed by him contained two and seventeen one-hundredths ounces of alcohol.

About midnight the party started for Utica in the automobile of the defendant driven by himself. In rounding a curve in the highway the automobile collided with another automobile proceeding in the opposite direction without headlights and operated by a man who we must assume was himself intoxicated,

* Since amd. by Laws of 1917, chap. 769.—[REP.

inasmuch as the court refused to permit the defendant to prove that such was his condition. Much evidence was given at the trial bearing on the circumstances of this collision, and it is quite probable that the effect of such evidence was to concentrate the minds of the jury on the circumstances of the collision and its consequences, which were serious, rather than on the question of defendants intoxication, which was the only issue for determination. The only justification for such evidence was to show that the conduct of the defendant was such as to justify an inference that he was intoxicated. Evidence was received as to the speed of the defendant's automobile immediately prior to the accident. One witness estimated the speed at fifty miles an hour; two witnesses at forty miles an hour, and several witnesses at twenty-five or thirty miles an hour. At the place of collision the highway curved to the left and the headlights of the defendant's automobile did not by reason of the curve shine on the highway and did not, therefore, disclose the approaching unlighted automobile until the moment of collision. It is possible that the circumstances of the collision and the condition and position of the two automobiles immediately after the accident as disclosed by the evidence permit the inference that the automobile of the defendant at the instant of collision was not on the extreme right of the highway.

Frequently intoxication is proved by the appearance, conduct or language of the person charged therewith. In this case there is no such evidence. The witnesses called by the prosecution who testified as to the quantity and nature of the beverage which the defendant drank and as to the circumstances connected therewith all specifically testify that there was nothing in his appearance or demeanor which indicated intoxication and that in their opinion he was sober. Numerous other witnesses testified in the same manner. Some of these witnesses observed him in the presence of the gaiety and frivolity of the hotel before he started on the ride which was to end in disaster.

Others observed him in the solemnity of that disaster which the evidence discloses was such as to bring the coroner to the scene of the accident. But irrespective of these extremely different circumstances the witnesses were unanimous in their opinion as to the sobriety of the defendant. None of them discovered any word or action inconsistent with sobriety.

It is contended that the defendant operated his automobile recklessly on the highway and that this is some evidence of intoxication. It is common knowledge that sober men too frequently drive their automobile at a rapid speed and that they deviate from the extreme right of the highway and sometimes experience collisions. Intoxication cannot legitimately be inferred from those circumstances alone. It was doubtless competent to prove whatever the defendant did or said on his automobile trip or as incidental thereto for the purpose of establishing his intoxicated condition, but the difficulty is that the facts as proved do not throw any particular light on that question. All that has been established is that the defendant within a period of three hours drank the equivalent of eight glasses of beer, and we can discover no evidence indicating that it produced in him any abnormal condition unless such an inference may be drawn from the mere fact that at intervals within a period of three hours he drank eight glasses of beer containing two and seventeen one-hundredths ounces of alcohol.

In this condition of the evidence it is important to consider the instructions of the court to the jury on the question of intoxication and the rule by which they were permitted to determine that question. After saying to the jury that the intoxication referred to in the statute is not "absolute and complete and profound intoxication," the court continued as follows: "It is probable, and I am leaving that to you to decide, gentlemen, as to just what that law means, just what intoxication is contemplated. It is probably true that the law makers had in mind to prohibit the operation of an automobile by a

man not in a normal condition because of drink, by a man whose mental and physical abilities were affected to some extent by drink. Now as to just how much or how far, gentlemen, a man might be affected by drink and still not be intoxicated, or being intoxicated within the meaning of this statute, I must leave to you to decide. * * * Now there might be two elements to be considered upon the question of intoxication, one I should say would be the proof of the drinking of the liquor; the other would be perhaps the evidence of the effect of that liquor upon a man who had drunk it. How did he act after it? What did he do? Was he affected by it? Was [sic] his mentatl and physical faculties out of the normal because of that liquor?" The court further said to the jury that if the defendant drove his automobile in a reckless manner they might consider that circumstance as bearing on the question of intoxication keeping in mind whether " he was to some extent under the influence of liquor when he drove that car." The serious question about this charge is that it did not make the test of intoxication depend on any impairment of judgment or mentatl or physical faculties even to the slightest extent. If the mind of the defendant was slightly stimulated or exhilarated the jury were permitted to find that he was intoxicated even though his reasoning or mental processes might not thereby be impaired. The controlling feature of the charge was in this sentence: " Now as to just how much or how far, gentlemen, a man might be affected by drink and still not be intoxicated, or being intoxicated within the meaning of this statute, I must leave to you to decide."

The word " intoxication " is not defined by the statute. For its meaning we must, therefore, resort to its proper use in the ordinary speech of people. Lexicographers are not in entire agreement in their definition of the word. Perhaps the courts are not in harmony in respect thereto. The Century Dictionary defines the term as follows: " The state produced by drinking

too much of an alcoholic liquid." According to some definitions the word may be applied to any mental exhilaration, however slight, produced by alcohol without regard to its effect on the judgment or reasoning processes. In Ruling Case Law (Vol. 15, p. 247) it is said: " It is a term which in its everyday application, is given a very broad meaning. To some men it means being under the influence of an intoxicant to such an extent as to render one helpless; while others speak of a person as intoxicated when he is but slightly under such influence. However, the latter condition is not, in either the strict or general sense, one of intoxication, which implies undue or abnormal excitation of the passions or feelings, or the impairment of the capacity to think and act correctly and efficiently, and suggests a loss of the normal control of one's faculties."

In the absence of any controlling or definite definition for our guidance I think we should give the word a reasonable interpretation having reference to the purpose of the statute in which it is used. For instance section 1221 of the Penal Law permits the arrest of a person " intoxicated in a public place." It would shock our sense of justice or propriety to hold that a man might be arrested for walking on the street after drinking an alcoholic beverage which had no other effect than to produce a feeling of buoyancy or elation perceptible only to himself and not discernible by another. But such an arrest would be justifiable under the charge to the jury in the present case. What is clearly intended by the use of the term in section 1221 is that a person shall not be in such a condition by reason of alcoholic beverage as to attract the attention of the public to himself. So in the statute under which the defendant has been convicted the meaning of the term clearly is that one shall not be affected by alcoholic beverage to such an extent as to impair his judgment or his ability to operate an automobile. We may adopt the rule suggested by the learned district attorney in his brief in this case as follows: " Hence for the purposes of the

statute under which defendant is convicted, he is intoxicated when he has imbibed enough liquor to render him incapable of giving that attention and care to the operation of his automobile that a man of prudence and reasonable intelligence would give." The difficulty is that the learned judge did not limit the jury to that rule. It may be difficult to draw the line between sobriety and intoxication. Because of such difficulty it may generally be proper to permit the jury to draw that line, but we think the jury should at least have been instructed that intoxication within the meaning of this statute means such a condition as impairs to some extent, however slight it may be, the ability of a person to operate an automobile. That is carrying the meaning of the term beyond its common and frequent use. A common sense and conservative meaning of the word may be given in the language above quoted from Ruling Case Law, viz., intoxication " implies undue or abnormal excitation of the passions or feelings or the impairment of the capacity to think and act correctly and efficiently and suggests a loss of the normal control of one's faculties." The jury in this case was permitted to find the defendant guilty of intoxication if he was " affected by drink " to any extent even though his judgment and mental and physical faculties were entirely unimpaired and his ability to operate the automobile entirely unaffected.

As above pointed out, the intoxication of the defendant if he was intoxicated must be inferred from the circumstance that he drank beer and in opposition to the uncontradicted evidence that it produced no noticable effect. The question of his guilt was close and doubtful. The circumstances of the collision conduced to inflame the minds of the jury and to produce a conviction for reckless driving of an automobile rather than for intoxication. It was, therefore, of the utmost importance to the defendant that the jury should have a proper understanding of their duty in determining the question of his

intoxication.  That was the only question for them to determine. In reaching such determination they were not properly guided or confined within proper limits.  An error prejudicial to the defendant was thereby committed.  In the language of the court in People v. Gerdvine (210 N. Y. 184): "An error which prevents proper consideration by the jury of the only question relied on by the defendant is substantial, not technical, and we have no right to disregard it, although we may approve of the verdict."

The judgment of conviction should be reversed and a new trial granted.

All concerned, except JOHN M. KELLOGG, P. J., dissenting.

Judgment of conviction reversed and new trial granted.