Van Voobhis, J.
Defendant-appellant was convicted of
public intoxication in Justice’s Court in the town of Marcy, and his conviction was affirmed on appeal to the County Court of Oneida County. The opinion of the County Judge indicates that the only questions to be determined are whether the defendant was intoxicated at the time of his arrest, and whether at the time of his arrest he was intoxicated in a public place.
He was wakened by two State Troopers at 9:00 p.m., at the insistence of his wife, while he was asleep in his truck which was parked in a private driveway leading to the house of a man named George Bonanza, the operator of a gasoline station. Bonanza testified that he operates his gasoline station on Route 49 in the town of Marcy between Utica and Rome; that a truck came into his yard in the evening of August 28, 1956; that he heard the truck come into the yard, but that there was nothing about it which attracted his attention until the troopers arrived. He said that he then saw a pick-up truck, about 135 or 140 feet from the road, which turned out to be defendant Peter Hook’s truck. It was 30 feet back of the service station building, in this driveway which serves his house and extends the short distance from River Road to Maynard Drive. The assistant district attorney questioned Bonanza as follows:
“ Q. In other words, it is a public driveway? A. No. I own it.
Q. But it is used by a number of people? A. I gave the M & N authority to use it. Their driveway was such a mess that they couldn’t get into it.
Q. Are they patrons of the gas station? — Do your patrons of the gas station use it? A. No.
Q. What kind of gas do you sell? A. Sinclair.
Q. How many pumps do you have? A. Two pumps.”
*487 Again the assistant district attorney sought to elicit from Bonanza that the driveway was used by the public, but without success.
“ Q. Where is your home? A. On Maynard Drive. In back of the station.
Q. This road where the truck went, where does it end up ? Where does it go to? A. From the River Road to Maynard Drive.
Q. And is it used by the general public? A. No.
Q. Who uses it besides yourself? A. The M & N trucks do now,— and they pull in there that’s about all.”
There were no M & N trucks there at the time, nor any persons patronizing the gas station. Defendant’s truck was not on the gas station property but in Bonanza’s private driveway. This driveway was not paved but was just a dirt driveway.
Questioned further as a witness for the People, Bonanza testified:
“ Q. What next attracted your attention to this truck? A. Mrs. Hook pulled up with a Cadillac and asked me if I wouldn’t tie the trunk door down because it was up on the car.
Q. On her Cadillac? A. Yes. In the meantime she wanted to use the telephone.
Q. In the meantime—A. I tied the trunk down and called the Troopers. They came — Trooper Bartkowiak and this other fellow here — I wouldn’t say for sure. They went back there and the Trooper’s car was by my front door, and Pete was with them. Pete asked, ‘ Have I got to go with you? ’ And the Trooper said, ‘Yes.’ They got in the car and they went.”
Mr. and Mrs. Hook had evidently had some altercation that evening as a consequence of which she had called the troopers, but (although there is evidence that he was intoxicated) there was no evidence that he was making any disturbance. He was asleep in his own truck parked in a private driveway. There were no other cars or people in the driveway. The troopers testified to nothing except to circumstances indicating that he was intoxicated, that Mrs. Hook wanted him arrested and that they arrested him.
Section 1221 of the Penal Law provides that any person intoxicated “ in a public place ” may be arrested without a *488 warrant while so intoxicated, and that if such charge is sustained “ the person found guilty of being intoxicated in public shall be deemed to have committed an offense and the court or magistrate shall ” deal with him in the manner provided in that section. It has always been held that a person is not guilty of this charge unless he is not only intoxicated but also intoxicated in a public place (People v. Soloman, 57 Misc. 288; People v. Lane, 8 Misc 2d 325). Ordinarily it involves an intoxicated person whose presence is in some manner offensive to the public. The term “ public place ” as used in this section has been described as a place which is in point of fact public, as distinguished from private, a place visited by a considerable number of persons and usually accessible to the neighboring public (Madison Prods. Co. v. Coler, 242 N. Y. 467, 473-474; People v. Whitman, 178 App. Div. 193, 194-196). There is no testimony contradicting Bonanza’s statement that defendant was alone in a private driveway.
The defendant-appellant’s conviction should be reversed and the information dismissed.
Chief Judge Conway and Judges Desmond, Dye, Fuld. Froessel and Burke concur.
Judgments reversed and information dismissed.