Joseph W. Esworthy, J.
Defendant was tried before this court without a jury on May 19, 1961 for the offense of public intoxication within the intent and meaning of section 1221 of the Penal Law.
At the close of People’s and defendant’s ease, defendant’s counsel moved for dismissal of the information on the grounds that the People had failed in their proof. Decision on the motion was reserved and consequently on the whole case. We will dispose of the motion first.
“ The word ‘ intoxication ’ is not defined by the statute. For its meaning we must, therefore, resort to its proper use in the ordinary speech of people. Lexicographers are not in entire *692 agreement in their definition of the word. Perhaps the courts are not in harmony in respect thereto. The Century dictionary defines the term as follows: 6 The state produced by drinking too much of an alcoholic liquid. ’ According to some definitions the word may be applied to any mental exhilaration, however slight, produced by alcohol without regard to its effect on the judgment or reasoning processes.” (People v. Weaver, 188 App. Div. 395, 399.)
In Ruling Case Law (vol. 15, p. 247) it is said:
6 ‘ It is a term which, in its everyday application, is given a very broad meaning. To some men it means being under the influence of an intoxicant to such an extent as to render one helpless ; while others speak of a person as intoxicated when he is but slightly under such influence. However, the latter condition is not, in either the strict or general sense, one of intoxication, which implies undue or abnormal excitation of the passions or feelings, or the impairment of the capacity to think and act correctly and efficiently, and suggest a loss of the normal control of one’s faculties.”
‘! The courts set up a standard of ‘ intoxication ’ almost as extreme as that expressed by an old addict of John Barleycorn who opined that a man was intoxicated: ‘ When he falls flat on his face and hangs onto the grass to keep from falling off the earth.’ Or, as recalled by one of our courts: ‘ Not drunk is he who from the floor can rise again and drink once more, but drunk is he who prostrate lies and can neither drink nor rise.’ ” (Steinkrause v. Eckstein, 170 Wis. 487.)
In New York the rule as derived from New York cases seems to be that a man is intoxicated when there is an impairment of his capacity to think and/or act correctly and/or when he has lost, even in part, the control of his physical and mental facilities. (People v. Bevilacqua 12 Misc 2d 558.)
Thus the courts seem to have at long last discarded the old John Barleycorn definition and accepted the more logical, medical belief, in that the ingestion of alcohol tends to cause a temporary loss of socialization as a process, rather than any specific types of accidents, crime innovation or nonaction. It does not determine the type or form of behavior which follows, but only tends to make the form different from the usual. Thus alcohol seems to have different effects on different people at the same time and different effects on the same person at different times. Therefore, alcohol ingestion means irregular behavior, more or something less than normal social behavior.
A review of the evidence shows the defendant admitted by his own testimony, that he had at least three and one-half bottles *693 of beer, and the officer testified he directed the defendant to return to the car three times, and on the defendant’s failure to obey the third time, arrested him for the offense. Other evidence indicated defendant stated to the officer that he was going to walk home, rather than get in the car and that defendant did not believe his faculties were impaired in the slightest, and jumped in the wagon to show he was not intoxicated. Certainly the defendant’s behavior was irregular and something less or more than normal social behavior.
Any one of the factors as disclosed in the evidence would not mean intoxication, but the combination of these factors, including the effect of the officer’s uniform on this defendant, triggered the defendant’s behavior. Granting that the defendant received the cue from the officer to get back in the car, the very simple physical carrying out of the correct response certainly had become slower or inaccurate or somewhat misdirected, following defendant’s consumption of three and one-half bottles of beer.
The defendant’s motion is denied and under the proof of the case at bar, we believe that the People met the requirements of proof within the intent and meaning of section 1221 of the Penal Law and, accordingly, we find the defendant guilty.