William F. Christiana, J.
This is an appeal from an order of the Court of Special Sessions of the Town of Gallatin, denying defendant’s application for a writ of error coram nobis seeking to vacate a judgment of conviction for a violation of a traffic infraction. The information alleges that the defendant was traveling in excess of the duly posted speed limit on the Taconic State Parkway.
The sole issue raised is a novel and interesting one. It appears that the defendant pleaded guilty to the traffic infraction in question. It is conceded that prior to entering his plea, defendant was fully and completely informed of his rights except that the Magistrate failed to advise defendant of the provisions of section 58 of the Code of Criminal Procedure. That section provides in effect that when a person is brought before a Magistrate charged with the commission of any of the crimes mentioned in section 56, and asks that his case be presented to the Grand Jury, the proceedings shall be adjourned for not less than 5 nor more than 10 days for the purpose of attempting to procure a certificate from either the County Court or Supreme Court that it is reasonable that the charge against defendant be prosecuted by indictment.
It is to be noted that under section 58 of the code, a defendant must be advised of such right of removal in instances where a crime is charged. The Court of Appeals has recently held that the provisions of the statute are not waived by a plea of guilty. (People v. Haskell, 9 N Y 2d 729.)
Section 155 of the Vehicle and Traffic Law provides in part: ‘ ‘ Outside of cities having a population in excess of one million, courts and judicial officers heretofore having jurisdiction over such violations shall continue to do so and for such purpose such violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors except as provided in subdivision two of section three hundred thirty-five of the code of criminal procedure and except as herein otherwise expressly provided shall apply except that no jury trial shall be allowed for traffic infractions.”
If the language of section 155 is to be literally construed, and if offenses and infractions are to be classified as misdemeanors, the Justice of the Peace would be required to inform every defendant charged with an offense or an infraction of his right of removal and grant him an adjournment for such purpose, if demanded. However, neither the County Court nor the Supreme *433 Court is likely to grant such a certificate for the reason that a G-rand Jury has jurisdiction to investigate crimes only and has no authority to investigate nor indict for violations constituting offenses or infractions. Hence, even if such certificate was granted, in instances of offenses and infractions, it would have the bizarre effect of removing a case from a court which has original jurisdiction to a Grand Jury which has none. Regardless of the unqualified language of section 155 of the Vehicle and Traffic Law, such result could never have been intended. See, also, People v. Mulkins (25 Misc. 599, 601-603) where it was held to be no error to fail to inform defendant of the right to remove a charge of public intoxication, an offense, from the court of original and exclusive jurisdiction. The same reasoning applies here.
To require a Court of Special Sessions to inform a defendant of an alleged right he may have but cannot effectively use is an exercise in futility. The law will not require a useless gesture.
The order denying the motion to vacate the judgment of conviction is affirmed on the law.