244 So.2d 173 (1971)
Charles Lavelle TRIVETTE, Appellant,
v.
STATE of Florida, Appellee.
No. 70-716.
District Court of Appeal of Florida, Fourth District.
February 17, 1971.
*174 Leonard L. Stafford, Public Defender, and Michael H. Gora, Asst. Public Defender, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and James M. Adams, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, JAMES C., Associate Judge.
This is an appeal from a judgment and sentence of the Court of Record of Broward County sentencing appellant to two and one-half years probation as the result of his plea of nolo contendere to an information charging him with possession of marijuana.
It appears that defendant-appellant, age 21, and another young man were walking south on the west side of U.S. Highway # 1 in the City of Hollywood, Florida at approximately 1:30 a.m. The area was otherwise deserted. A police officer on routine patrol proceeding north on said highway passed the two boys and as he did so he observed that "* * * they took special notice of me. They both turned and looked at me, and the defendant * * appeared to be putting something in his right pocket, turning away * * *". The officer turned his police car around, stopped defendant and his companion and asked for their identification. Defendant furnished his but the companion had none. The officer interrogated them as to their destination and other general matters, though he could not remember the questions verbatim. He testified that defendant "appeared to be drowsy, sleepy. He didn't answer the questions as if he were in a clear mind. I was shining the flashlight in his eyes and his eyes were dilated. When I asked him questions his mind appeared to wander to other things". The officer concluded that the defendant was intoxicated and arrested him for public intoxication. On cross-examination the officer testified that defendant was cooperative, showed him his identification, didn't cause any trouble, and nothing was smelled on his breath. Further, on cross-examination it was called to the officer's attention that he didn't mention the fact that defendant and his companion had long hair and wore bell bottoms, and he was asked if that added something to his reason for stopping them. He answered: "Yes sir. I will tell you something sir: Anyone out at that time of the day, I would stop". After placing the defendant under arrest for public intoxication, the officer searched him and found what appeared to be marijuana, whereupon he arrested him for possession thereof.
Defendant pled not guilty at his arraignment and filed a motion to suppress the evidence found on his person on the ground that the search was made pursuant to an unlawful arrest. The trial court heard testimony in support of the motion and denied it. Thereafter, defendant changed his plea from not guilty to nolo contendere, specifically noting it was being done in view of the court's previous ruling denying his motion to suppress. It is conceded by appellee that the plea of nolo contendere did not waive the claimed error in denying the motion to suppress when the ultimate plea was entered due to the court's ruling on said motion. Ashby v. State, Fla.App. 1969, 228 So.2d 400.
The thrust of defendant's assignments of error is that the trial court erred in failing to sustain the motion to suppress because the arrest was unlawful, as probable cause did not exist so as to allow the arrest without a warrant.
*175 Since the crime for which the defendant was initially arrested, and as a result of which the search was made, was a misdemeanor and the arrest having been made without a warrant, the decision here must of course turn upon a finding vel non that the officer had probable cause to arrest the defendant for public intoxication. Thus, the elements of the crime of public intoxication become vital. Is the required degree of intoxication so extreme as to meet the standard related in People v. Williams, City Ct. 1961, 215 N.Y.S.2d 841, that a man is intoxicated "when he falls flat on his face and hangs on to the grass to keep from falling off the earth", or "not drunk is he who from the floor can rise again and drink once more, but drunk is he who prostrate lies and can neither drink nor rise"? Or is the more enlightened rule that arrived at in the Williams case, supra, that a person is intoxicated when there is an impairment of his capacity to think and/or act correctly and/or when he has lost, even in part, the control of his physical and mental faculties? We think that fairly states the rule. In Clowney v. State, Fla. 1958, 102 So.2d 619, the Supreme Court of Florida held that a person is intoxicated when he is under the influence of intoxicants to such extent as to deprive him of full possession of his normal faculties. Intoxication is generally associated with imbibing vinous, malt, or spiritous liquors. But with the advent of the pervasive illegal traffic in drugs which our society is experiencing, the definition of intoxication has been extended generally to their use also. State v. Dana, 1968, 73 Wash.2d 533, 439 P.2d 403; Webster's New 20th Century Dictionary. Finally, it is not necessary to constitute public intoxication that the defendant attract attention thereby, or that he annoy, molest, disgust, or be offensive to others, for that would constitute disorderly conduct. People v. Weaver, 1919, 188 App.Div. 395, 177 N.Y.S. 71; People v. Hook, N.Y.App. 1957, 3 N.Y.2d 485, 168 N.Y.S.2d 958, 146 N.E.2d 689; People v. Lane, City Ct. 1942, 32 N.Y.S.2d 61.
We know that probable cause means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged, Carter v. State, Fla.App. 1967, 199 So.2d 324; that whether or not the accused is guilty or innocent in fact is not relevant; nor is the fact that the officer's knowledge without more would be insufficient to convict. Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.
Turning now to the facts and circumstances confronting the police officer and analyzing them as a whole rather than the effect of each item in isolation, Rogers v. State, 1947, 158 Fla. 790, 30 So.2d 625; State v. Doherty, Fla.App. 1970, 240 So.2d 332, it must be conceded that their impact is not overwhelming. However, as stated in State v. Profera, Fla.App. 1970, 239 So.2d 867, citing Jackson v. United States, 1962, 112 U.S.App.D.C. 260, 302 F.2d 194:
"`* * * (P)robable cause is not to be evaluated from a remote vantage point of a library, but rather from the view-point of a prudent and cautious police officer on the scene at the time of arrest. The question to be answered is whether such an officer in the particular circumstances, conditioned by his observations and information, and guided by the whole of his police experience, reasonably could have believed that a crime had been committed by the person to be arrested.'"
The trial court having considered the effect of the circumstances in their totality: the time of night, the deserted street, the taking of unusual note of the passing police car, the turning away to put something in his pocket, the dilated eyes, his unclear mind, his mind wandering to other things when asked a question, found they were sufficient to give a reasonable man cause to believe the defendant was intoxicated. He heard *176 the testimony pro and con, observed the witnesses and resolved the conflicts against the appellant. Johnson v. State, 1946, 157 Fla. 685, 27 So.2d 276; Diaz v. State, Fla. App. 1965, 181 So.2d 351.
Having failed to demonstrate error, the decision appealed from is affirmed.
WALDEN and REED, JJ., concur.