349 So.2d 193 (1977)
Juan SKELTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-642.
District Court of Appeal of Florida, Third District.
July 12, 1977.
Rehearing Denied September 14, 1977.
*194 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant, Juan Skelton, appeals his conviction of unlawful possession of cannabis and sentence to six months in the county jail.
Defendant for his sole point on appeal contends the trial judge erred in denying his motion to suppress, alleging that the warrantless search incident to his arrest was based upon mere suspicion and not the required probable cause. We cannot agree.
Probable cause to arrest exists where a reasonable man, having the specialized training of a police officer, in reviewing facts known to the arresting officer prior to the actual time of arrest, would come to the conclusion that a felony is being or has been committed by the person to be arrested. State v. Profera, 239 So.2d 867 (Fla.4th DCA 1970); see also Russell v. State, 266 So.2d 92 (Fla.3d DCA 1972); State v. Knapp, 294 So.2d 338 (Fla.2d DCA 1974).
In the instant case Officer Cantillo, the arresting officer, was highly experienced and often involved in drug related arrests. He was well acquainted with the neighborhood in which the arrest took place. He testified that on the date in question he observed a young man walk up to the defendant, who was standing on the corner of West Flagler Street and Seventh Avenue, and hand him (the defendant) a stack of small brown packets, each packet being 2" by 3" in size. The defendant placed the packets, secured by rubber bands, into his jacket pocket. Officer Cantillo exited from his patrol car, retrieved the packets from the defendant's pocket and placed him under arrest. Cantillo further testified that cannabis is often distributed in packets similar to those he had taken from the defendant and he believed a drug sale was in progress.
Under the totality of the circumstances, Officer Cantillo had probable cause to believe that the packets contained cannabis (marijuana) and a narcotics sale was in progress. Thus, the trial judge was correct in denying the motion to suppress. Cf. U.S. v. Allen, 472 F.2d 145 (5th Cir.1973); *195 Trivette v. State, 244 So.2d 173 (Fla.4th DCA 1971); Russell v. State, supra; State v. Knapp, supra.
Affirmed.