BERANEK, Judge.
This is an appeal by defendant from the partial denial of a motion to suppress evidence. Appellant was arrested for the alleged burglary of a dwelling. Incident to his arrest, a search of his clothes and car disclosed illegal cocaine and marijuana. Defendant’s motion to suppress these items was denied in part. We find this ruling error and reverse.
Defendant was the lessee under a written lease of a single-family residence in the Town of Parkland, Florida. A dispute arose between the defendant and the lessor regarding timely payment of the rent and the condition in which lessee was keeping the premises. This dispute was an ongoing matter with various arguments on both sides being made. Eventually the landlord attempted to evict the tenant and the tenant made a partial payment of rent. An argument ensued over whether the partial payment of rent was accepted by lessor. It was also asserted that the tenant had paid the rent through the “last” month of the lease. In any event, some sort of an oral agreement was struck between the landlord and the tenant whereby tenant agreed to vacate the premises by some date prior to the technical expiration of the period for which he had paid rent. While the tenant was absent from the house on a particular day, the landlord changed the locks and moved the tenant’s belongings to the garage.
Throughout this entire period of time, the police officers of the City of Parkland were kept advised by the landlord of all developments. The officer who eventually arrested the defendant for burglary of the residence stated that the landlord told the police that defendant had no right to be on the premises and that he would be willing to sign a complaint if defendant were found there. On November 21, 1977, defendant was arrested after a Parkland police officer watched him enter the house through a window and exit through the front door.
The issue here is simply whether the police officer had probable cause to arrest the defendant for burglary of the residence. Probable cause existed if a reasonable man with the specialized training of a police officer and with the facts known to the arresting officer, would come to the conclusion that a crime is being or has been committed by the person to be arrested. Skelton v. State, 349 So.2d 193 (Fla. 3d DCA 1977), and State v. Profera, 239 So.2d 867 (Fla. 4th DCA 1970). The trial court was called upon to decide whether the facts within the officer’s knowledge were sufficient in themselves to warrant a man of reasonable caution to believe this defendant was burglarizing the house. We find that here the information within the knowledge of the arresting officer negated rather than supported probable cause. Obviously, if a police officer saw some unknown individual breaking into a residence through a window this might well be reason to suspect criminal conduct or at least conduct requiring investigation. However, here the police officer knew before the arrest that the person was either the tenant or the former tenant of the residence who was engaged in a dispute over occupancy with the landlord. The police officer knew the locks had been changed and entry could not be gained in the normal manner. In addition, the police officer watched while the defendant entered the house via a window and exited empty handed by the front door which he opened from the inside.
When the officer approached, the defendant immediately told him that he was the *692 tenant of the premises and requested that they contact the landlord to straighten out the matter. Instead of taking this reasonable step, the officer arrested defendant, handcuffed him, and forced him to the ground. We see no facts supporting a reasonable belief by the officer that the defendant was guilty of burglary of the dwelling. The dispute between the landlord and the tenant was of a civil nature involving the enforcement of an oral agreement. Probable cause did not exist for the arrest. The search incident thereto was improper and the seized contraband should therefore have been suppressed. McCombs v. State, 328 So.2d 870 (Fla. 4th DCA 1976).
The trial court’s order denying the motion to suppress is vacated and the matter remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE and HURLEY, JJ., concur.